UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CIVIL ACTION NO. 2:22-CV-00091-WOB-EBA

*Electronically Filed*

LISA KAY GOINS                                                                    PLAINTIFF

v.        **DEFENDANTS, JOEL M. WARREN, M.D. AND
TRI-STATE GASTROENTEROLOGY ASSOCIATES' NOTICE OF REMOVAL**

SAINT ELIZABETH MEDICAL CENTER, INC.;
TRI-STATE GASTROENTEROLOGY ASSOCIATES;
JOEL M. WARREN, M.D.;
MODERNATX, INC.; THE KROGER CO.;
JOHN DOES and JANE DOES NOS. 1-5                               DEFENDANTS

\* \* \* \* \*

         Come the Defendants, Joel M. Warren, III, MD and Tri-State Gastroenterology Associates, by counsel, and for their Notice of Removal, hereby state as follows:

         1.       On or about June 22, 2022, Plaintiff, Lisa K. Goins, filed a Complaint in the Boone Circuit Court in a matter styled *Lisa Kay Goins v. Saint Elizabeth Medical Center, Inc., et al.*, Case No. 22-CI-00701. A true and accurate copy of Plaintiff's Complaint is attached hereto. (Exhibit A).

         2.       Defendants' removal is timely under 28 U.S.C. § 1446(b) as it is being filed within 30 days of service of the Complaint on June 30, 2022.

         3.       In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of all of the process and pleadings filed in the action to date, along with a copy of the civil docket sheet, are collectively attached hereto. (Exhibit B).

         4.       As required by 28 U.S.C. § 1446(d), concurrent with this filing, Defendants are filing a true and accurate copy of this Notice of Removal with the Boone Circuit Court Clerk. A

true and accurate copy of the Notice of Filing of the Notice of Removal is attached hereto. (Exhibit C).

5. This Notice of Removal is being filed in the United States District Court for the Eastern District of Kentucky, which is the District Court of the United States within which the Boone Circuit Court action is pending, as is required by 28 U.S.C. §§ 1441(a) and 1446(a).

6. Defendants have satisfied all procedural requirements governing removal pursuant to 28 U.S.C. §§ 1441 and 1446, the Federal Rules of Civil Procedure, and the Local Rules of the Court. All Defendants have consented to removal.

7. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them under state or federal law, including the right to compel arbitration.[1]

I. **PLAINTIFF'S ALLEGATIONS AND CLAIMS ASSERTED IN COMPLAINT**[2]

8. Plaintiff's Complaint alleges that on July 3, 2021 and July 31, 2021, she received the first and second Moderna COVID-19 vaccinations, respectively, from the Kroger Pharmacy. *See* Pl.'s Compl. ¶¶ 12-13. Plaintiff alleges that her blood glucose levels significantly fluctuated following the administration of the Moderna vaccinations. *See* Pl.'s Compl. ¶ 14.

9. On August 3, 2021, Plaintiff presented to the emergency department at St. Elizabeth Hospital due to low blood sugar and was admitted. *See* Pl.'s Compl. ¶ 15.

---

[1] Defendant, ModernaTX, Inc., filed a Notice of Removal on July 18, 2022. Defendants Dr. Warren and Tri-State Gastroenterology Associates consented only to Moderna's removal of this action to federal court, but they did not agree or consent to Moderna's mischaracterization of the claims that have been filed against Defendants Dr. Warren and Tri-State Gastroenterology Associates nor to Moderna's suggestion that these claims may be severed from this removed action as purportedly unrelated to the claims against Moderna regarding the administration of its vaccine to Plaintiff. Indeed, as alleged by Plaintiff, these claims arise from and/or are related to the Moderna vaccines that she received. Moreover, these Defendants have their own independent right to remove this action, as set forth herein.
[2] All of the allegations of Plaintiff's Complaint are assumed to be true for the purposes of this Notice of Removal. The Defendants' assumption of Plaintiff's allegations for the purposes of this Notice of Removal should not be construed as admissions.

10.     On August 7, 2021, Defendant, Joel W. Warren, III, MD, with Tri-State Gastroenterology Associates, was allegedly consulted and treated Plaintiff, with regard to her fluctuating glucose levels, including the performance of an upper endoscopic ultrasound with fine needle aspiration and an esophagogastroduodenoscopy followed by a pancreatic biospy. *See* Pl.'s Compl. ¶¶ 22-25.

11.     Plaintiff further notes that her medical condition may have been "a reaction to a reaction to her July 31, 2021 second Moderna COVID-19 vaccine." *See* Pl.'s Compl. ¶ 26. Plaintiff was discharged from St. Elizabeth on August 22, 2021, after her blood sugar stabilized. *See* Pl.'s Compl. ¶ 27.

12.     Following her August 22, 2021 discharge, Plaintiff was then allegedly hospitalized several times and underwent several surgeries. *See* Pl.'s Compl. ¶¶ 28-64.

13.     The claims alleged by Plaintiff thus arise from and relate to the administration of the Moderna COVID-19 vaccine and Defendants' treatment of complications related to the vaccine. Plaintiff alleges a cascade of events and complications that started with the vaccine administration.

14.     Removal jurisdiction is proper in this Court by virtue of a) express exclusive federal jurisdiction; b) federal question jurisdiction based on complete preemption; and c) embedded federal questions, also known as the *Grable* doctrine. Specifically, the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§247d-6d, 247d-6e ("PREP Act"), provides that any claim of loss arising from or relating to a COVID-19 countermeasure (such as COVID-19 vaccines) shall give rise only to an "exclusive federal cause of action" in an "exclusive federal jurisdiction" and shall be barred from "all claims for loss" and any other type of "suit and liability". §§247d-6d(a)(1), (d)(1), (e)(1). Further, the matter of our nation's response to the global COVID-

19 pandemic—including treatment arising from or otherwise relating to the administration of vaccines—is one that presents a substantial, embedded question of federal law and invokes this Court's jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

## II. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331 BY VIRTUE OF COMPLETE PREEMPTION UNDER THE PREP ACT

### A. PREP Act Application to the COVID-19 Pandemic

15. This case is removable under 28 U.S.C. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Complaint asserts claims "arising under" federal law within the meaning of 28 U.S.C. § 1331, as Plaintiff's allegations invoke the exclusive federal jurisdiction of the Court and the immunities from suit and liability provided by the PREP Act. *See* 42 U.S.C. § 247d-6d(e) (providing an exclusive federal cause of action and exclusive federal jurisdiction for claims arising from the alleged administration and use of COVID-19 countermeasures); *see also* 42 U.S.C. § 247d-6d(a)(1), (b)(8) (providing immunity from suit and liability under state and federal law, and preemption of state law)).

16. The PREP Act, which is a component of the Public Health Services Act ("PHSA"), 42 U.S.C. § 201, *et seq.*, grants healthcare providers and other covered persons immunity from claims for injuries related to the use of approved countermeasures to combat a national public health emergency, such as the COVID-19 pandemic. Congress's goal was to enable healthcare providers to focus on using every available means to combat a public health emergency and save lives without being chilled in their efforts by the threat of lawsuits. 42 U.S.C. § 247d-6d.4

17. The PREP Act is triggered when the Secretary of the Department of Health and Human Services ("HHS") issues a declaration defining the scope and breadth of PREP Act protections relevant to a particular public health emergency. *See* 42 U.S.C. § 247d. The PREP Act

provides that when a "disease or other health condition or other threat to health constitutes a public health emergency," the Secretary of HHS may issue a declaration "recommending [ . . . the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures" against the disease. *Id.* When such a declaration is issued, "covered persons" become "immune from suit and liability under Federal and State law with respect *to all claims for loss caused by, arising out of, relating to, or resulting from* the administration to or the use by an individual of a covered countermeasure" as defined by the Secretary of HHS. 42 U.S.C. § 247d-6d(a)(1) (emphasis added).

18. A "covered person" includes a person or entity that "is a qualified person" or a "program planner". 42 U.S.C. § 247d–6d(i)(2)(B). A "qualified person" is defined as a "licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed." 42 U.S.C. § 247d–6d(i)(2)(B)(iv). Further, the PREP Act defines a "person" as "an individual, partnership, corporation, association, entity, or public or private corporation, including a federal, state or local government agency or department." 42 U.S.C. § 247d–6d(i)(5).

19. Congress also explicitly wrote preemption into the PREP Act, stating that "no State or political subdivision of a State may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that is different from, or is in conflict with, any requirement applicable under this section" and relates to, among other things, use or administration of the covered countermeasure. 42 U.S.C. § 247d-6d(b)(8)(A)-(B).

20. In addition, Congress provides two exclusive federal remedies in the PREP Act for individuals with claims for loss arising out of the use or administration of covered

5

countermeasures. First, the Act creates a "Covered Countermeasure Process Fund" for purposes of "providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure." 42 U.S.C. § 247d-6e(a). Claimants can receive compensation from the Fund by applying for benefits through the Countermeasures Injury Compensation Program. *See* 42 C.F.R. §§ 110.1-110.100. Second, an injured person may bring "an exclusive Federal cause of action" under the PREP Act "against a covered person for death or serious physical injury proximately caused by willful misconduct." 42 U.S.C. § 247d-6d(d)(1). The PREP Act sets forth specific procedures that govern lawsuits asserting this cause of action. 42 U.S.C. § 247d-6d(e).

21.     The Secretary of HHS extended the PREP Act to cover COVID-19 by issuing a declaration on March 17, 2020, announcing that, as of February 4, 2020, "[l]iability immunity as prescribed in the PREP Act. . . is in effect" for any "[a]ctivities authorized in accordance with the public health and medical response of the Authority Having Jurisdiction to prescribe, administer, deliver, distribute or dispense the Covered Countermeasures following a Declaration of an emergency" related to COVID-19. Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,201-02 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21,012 (Apr. 15, 2020) (the "Declaration").

22.     The Declaration broadly defines "covered countermeasure" as:

Covered Countermeasures are any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, or any device used in the administration of any such product, and all components and constituent materials of any such product. Covered Countermeasures must be "qualified pandemic or epidemic products," or "security countermeasures," or drugs, biological products, or devices authorized for investigational or emergency use, as those terms are defined in the PREP Act, the FD&C Act, and the Public Health Service Act.

6

85 Fed. Reg. 15198.

23. The Declaration was subsequently amended to add respiratory protective devices to the list of covered countermeasures. *See* 85 Fed. Reg. 21012, 21013.[3] On June 8, 2020, the Declaration was amended again to reflect HHS's initial intent to "identify the full range of qualified countermeasures" as permitted under the PREP Act. 85 Fed. Reg. 35100, 35101.

24. HHS also issued an Advisory Opinion regarding the Declaration on April 17, 2020, recognizing the broad, preemptive nature of the Declaration. (Exhibit D). The Opinion states that "immunity covers claims for loss sounding in tort or contract" and that "PREP Act immunity must be read in light of the PREP Act's broad, express-preemption provision." (Exhibit D at 2).

25. On October 23, 2020, HHS issued "Advisory Opinion 20-04 on the Public Readiness and Emergency Preparedness Act and Secretary's Declaration Under the Act," confirming that "administration" under the PREP Act is much broader than the mere physical provision of a countermeasure to a recipient and encompasses *broader related activities and efforts*. (Exhibit E). This Advisory Opinion flatly rejects as "wrong" a pre-pandemic New York trial court ruling in *Casabianca v. Mt. Sinai Medical Center*, 2014 WL 10413521 (New York Co. Dec. 12, 2014), that the PREP Act requires the "direct physical" administration of a COVID-19 countermeasure and that the Act is not applicable to claims involving an omission or failure to act.

26. Further, on December 3, 2020, the HHS Secretary issued the Fourth Amendment to the Declaration ("Amendment Four") (published at 85 Fed. Reg. 79190 (Dec. 9, 2020)), which:

---

[3] The Secretary issued an Amended Declaration under the PREP Act, which was effective as of March 27, 2020. The Amendment added respiratory protective devices approved by NIOSH (National Institute for Occupational Safety and Health) as a covered countermeasure under the PREP Act. On June 4, 2020, the Secretary further amended the March 10, 2020 Declaration to clarify that covered countermeasures under the Declaration include qualified products that limit the harm COVID-19 might otherwise cause. This Amendment was effective as of February 4, 2020. *See* 85 FR 21012.

(a) Expressly adopts all COVID-19 Advisory Opinions into its initiating Declaration, giving those directives controlling authority over interpretations of the PREP Act; 85 Fed. Reg. 79190, 79191, 79192, 79194-95;

(b) Declares that an omission to administer a covered countermeasure can fall within the PREP Act's protections; 85 Fed. Reg. 79190, 79191, 79194, 79197; and

(c) Makes explicit that cases involving COVID-19 covered countermeasures are to be in the federal system as provided by Congress and that this "federal jurisdiction" is essential to the uniform provision of a national response to the COVID-19 pandemic; 85 Fed. Reg. 79190, 79194, 79196, 79197-98.

(Exhibit F).

27. Amendment Four also addresses HHS's authority to define the application of the PREP Act by stating: "42 U.S.C. 247d-6d(b)(7) provides that '[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under this subsection.'" *See* Amendment Four at 26 n.25. Where Congress has expressly delegated interpretative authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *Chevron, Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44 (1984).

28. On January 8, 2021, HHS published an Advisory Opinion of the Office of General Counsel addressing questions raised by the Fourth Amendment. *See* Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision (Jan. 8, 2021) ("AO 21-01") (Exhibit G). AO 21-01 confirms a broader understanding of the PREP Act's application. *See, e.g.*, *Rachal*, Civil Docket No. 1:21-CV-00334, *12 (concluding that "HHS's interpretation of the PREP Act and its scope [as set forth in AO 21-01] is reasonable" and, moreover, warrants deference given: "(i) the PREP Act's broad grant of authority to the HHS Secretary; (ii) the Secretary's express incorporation of the OGC's Advisory Opinions into the Declarations for purposes of construing the PREP Act; (iii) the complexity of the relevant statutory

8

provisions; (iv) the technical nature of the subject matter; and (v) the need for uniformity in the judiciary's interpretation of the PREP Act across the United States.").

29. AO 21-01 also reasons that "[t]he PREP Act is a 'Complete Preemption' Statute," because it establishes both a federal and administrative cause of action as the only viable claim and vests exclusive jurisdiction in federal court. *Id.* at *2.

### B. Congress Explicitly Provided for Complete Preemption in the PREP Act under *Beneficial*

30. Congress intended to regulate national responses to pandemics and other public health emergencies by making it a complete preemption statute. The PREP Act expressly satisfies the *Beneficial* test for complete preemption in stating that "a covered person shall be immune from suit and liability under Federal and State law with respect to *all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure* if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1) (emphasis added); *see* 42 U.S.C. § 247d-6d(b)(8) ("during … a declaration … no State … may establish, enforce, or continue in effect any provision of law or legal requirement that—is different from … any requirement applicable under this section."). The PREP Act further provides that this immunity "*applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure … or use of such countermeasure.*" 42 U.S.C. § 247d-6d(a)(2)(B) (emphasis added). HHS has instructed time and again that this preemption is to be given the broadest possible application.[4]

---

[4] HHS refers eight times to the broad applicability of preemption of state law claims. *See* Advisory Opinion 21-01 (Jan. 8, 2021) at 1, Advisory Opinion 20-04 (Oct. 23, 2020), Advisory Opinion 20-02 (May 19, 2020) at 4-5, Advisory Opinion 20-01 (Jan. 8, 2020) at 2. Also, HHS refers six times to the broad applicability of immunity from state law claims. *See* Advisory Opinion 20-04 (Oct. 23, 2020) at 1-2, and Advisory Opinion 20-01 (Jan. 8, 2020) at 2, 4, 7.

31. Significantly, the PREP Act also provides an extensive claims and litigation process for COVID-19 claimants in accordance the directives of *Beneficial* by providing for federal redress and displacing state-law liability. Specifically, the PREP Act establishes a pre-litigation no-fault monetary fund for those injured by the use or administration of covered countermeasures that must be exhausted prior to relief under the federal civil claims process (42 U.S.C. § 247d-6e(a), (d)(1)), requiring an exclusive federal remedy for all claims related to countermeasures (42 U.S.C. § 247d-6e(d)(5)), and providing a Federal cause of action as the single exception to immunity (42 U.S.C. § 247d-6d(d)(1)).

    C. **The New Administration Reaffirms the PREP Act Provides Complete Preemption**

32. Consistently, in 2021, the new Administration reaffirmed that the PREP Act provides for complete preemption of COVID-19 state law claims. On January 28, 2021, HHS amended the Declaration for the fifth time, again asserting that HHS Advisory Opinions are incorporated into the original Declaration. *See* Fifth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021), 86 Fed. Reg. 7872, 7874 (stating "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law.") (Exhibit H).

33. Two additional amendments further confirm the preemptive effect of the PREP Act, with the sixth on February 16, 2021 and the seventh on March 16, 2021.[5]

34. In addition to these HHS authorities, the U.S. Department of Justice ("DOJ") filed a Statement of Interest ("SOI") of the United States in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) (DN 35), which constitutes the

---

[5] See 86 Fed. Reg. 9516 (Feb. 16, 2021); 86 Fed. Reg. 14462 (Mar. 16, 2021).

official position of the United States' interest in the enforcement of the PREP Act, stating that the PREP Act "completely preempts claims relating to the administration or use of covered countermeasures with respect to a public health emergency." (Exhibit I at 1, 7-8). Further, it reasons that the two key provisions of the PREP Act – the immunity provision for all Federal and state law claims, and the exclusive alternative remedy provision, established as the sole exception to immunity – operate together to demonstrate the PREP Act's completely preemptive nature. *Id.* at 7–8. The DOJ also noted that the PREP Act is crucial to the "whole-of-nation response" to public health emergencies (which depends on cooperation among private-sector partners and state and local officials across the nation) and "sweeping" immunity was granted to encourage such cooperation. *Id.* at 1-2.

35. The District Court for the Western District of Louisiana agreed that the PREP Act is a complete preemption statute, finding that the PREP Act confers federal jurisdiction and completely preempts claims falling within its scope because it includes: a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; a specific jurisdictional grant to the federal courts for enforcement of the right; and a clear Congressional intent that claims brought under the federal law be exclusive. *See Rachal*, Civil Docket No. 1:21-CV-00334, *3 n.3.

### D. Plaintiff's Claims Fall within the Purview of the PREP Act

36. Here, based on the face of the Complaint, the totality of the allegations made therein and the logical impact of its most central allegations, the PREP Act is implicated by Plaintiff's claims against Defendants, which focus on their treatment of Plaintiff for alleged complications from, and a cascade of events related to, the administration of covered countermeasures, i.e., the

11

Moderna COVID-19 vaccinations. *See* Pl.'s Compl. ¶ 26. Defendants are thus qualified individuals under the PREP Act.[6]

37. As pled in the Complaint, Plaintiff's claims have the requisite causal relationship with the administration of (at the very least) the second Moderna COVID-19 vaccine. The PREP Act "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(2)(B). *See* Advisory Opinion 21-01 (Jan. 8, 2021) at 3 (stating that "the plain language of the PREP Act … extends immunity to anything 'relating to' the administration of a covered countermeasure."); *Perez v. Oxford University*, 2022 WL 1446543 (S.D.N.Y. April 11, 2022) (finding the "language of the PREP Act is clear" that a plaintiff suing for vaccine-related injuries that fall under the PREP Act must do so by filing an action in federal court; exclusive jurisdiction lies in the D.D.C); *Perez v. Oxford University*, No. 21-CV-4844 (VEC) (RWL) (S.D.N.Y. May 10, 2022) (adopting recommendation of magistrate). This Court therefore has jurisdiction pursuant to complete preemption under the PREP Act.

### III. FEDERAL QUESTION JURISDICTION ALSO EXISTS PURSUANT TO THE GRABLE DOCTRINE

38. Federal jurisdiction also exists where an action "arises under" federal law and raises a substantial federal issue, actually disputed and substantial. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Here, the Complaint raises substantial and disputed issues of federal law related to the Declaration issued under the PREP Act.

---

[6] See § 247d-6d(i)(2) (defining covered person as a "qualified person"). Defendants were acting as "qualified persons" under 42 U.S.C. § 247d-6d because they and their employees were authorized to administer, deliver, and use FDA covered countermeasures, such as medications, vaccines, PPE and diagnostic tests, to diagnose and prevent COVID-19. AO 20-04 at 3.

39. HHS, by and through its Fourth Amended Declaration and AO 21-01, confirms that the PREP Act confers a separate, independent grounds for federal question jurisdiction under the *Grable* doctrine. *See* AO 21-01 at 4–5 (discussing *Grable*, 545 U.S. at 312). The Advisory Opinion states that "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that the case belongs in federal court." AO 21-01 at 5. HHS provides that "there are substantial federal legal and policy … interests within the meaning of [the *Grable* doctrine] in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities." AO 21-01 at 5 (quoting 85 Fed. Reg. at 79, 197).

40. HHS further states that: "Congress delegated to [the Secretary] the authority to strike the appropriate Federal-state balance with respect to particular covered countermeasures through PREP Act declarations." HHS's interpretation of *Grable* is consistent with the Supreme Court's long-standing rule "that in certain cases federal question jurisdiction will lie over state-law claims that implicate federal issues." *Grable*, 545 U.S. at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

41. The *Grable* Court determined that there is no single test for determining whether an embedded federal issue exists, but that, in general, a two-step process determines whether a state law claim "arises under" federal law: (1) the state law claim must necessarily raise a stated federal issue that is actually disputed and substantial; and (2) federal courts must be able to entertain the state law claims "without disturbing a congressionally approved balance of state and federal judicial responsibilities." *Id.* at 314. *See also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

42. Here, both prongs of *Grable* are satisfied. First, Plaintiff brings claims that she contends are related to medical care that she received, which arose from and relate to the Moderna COVID-19 vaccinations. *See* Pl.'s Compl. ¶ 26. *See also* 42 U.S.C. § 247d-6d.

43. Second, as confirmed by AO 21-01 and the HHS Declaration (and its amendments), the PREP Act expresses a clear intention to supersede and preempt state control of the very issues raised by Plaintiff, i.e., tort claims arising from Dr. Warren's treatment of the alleged side effects of the COVID-19 vaccination—a covered countermeasure.

44. A substantial and disputed federal issue regarding the application of the PREP Act to Plaintiff's claims therefore necessarily exists and must be resolved by this Court to ensure the uniform and appropriate application of the PREP Act. The federal legal and policy issues described in the Fourth Amended Declaration and the HHS Advisory Opinions control and authorize this Court to retain this action under *Grable*.

45. WHEREFORE, this action is hereby removed to this Court from the Boone Circuit Court. Plaintiff is hereby notified to proceed no further in state court.

Respectfully submitted,

/s/ *Andrew "Pete" Pullen*
Andrew "Pete" Pullen
O'BRYAN, BROWN & TONER, PLLC
401 S. Fourth Street, Suite 2200
Louisville, KY  40202
Ph: (502)585-4700
Fax: (402)585-4703
pullenp@obtlaw.com
*Counsel for Defendants, Joel M. Warren, MD and Tri-State Gastroenterology Associates*

## CERTIFICATE OF SERVICE

I certify that on this 20th day of July, 2022, I electronically filed the foregoing with the clerk of the court using the KCOJ efiling system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Dominick Romeo<br>DETERS LAW<br>5247 Madison Pike<br>Independence, KY 41051<br>dromeo@ericdeters.com<br>*Counsel for Plaintiff* | Chuck Hinegardner<br>BARRON PECK BENNIE & SCHLEMMER CO. LPA<br>3074 Madison Road<br>Cincinnati, OH 45209<br>clh@bpbslaw.com<br>Counsel for Defendant, The Kroger Co. |
| Cathy Stickles<br>DBL LAW<br>109 E. Fourth Street<br>Covington, KY 41011<br>cstickles@dbllaw.com<br>*Counsel for Defendant, Saint Elizabeth Medical Center, Inc.* | Lori E. Hammond<br>FROST BROWN TODD LLC<br>400 W. Market Street, 32nd Floor<br>Louisville, KY 40202<br>lhammond@fbtlaw.com<br>Counsel for Defendant, ModernaTX, Inc. |
| | Sara B. Roitman (*pro hac vice* forthcoming)<br>DECHERT LLP<br>35 W. Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>sara.roitman@dechert.com<br>*Counsel for Defendant, ModernaTX, Inc.* |
| | Mara Cusker Gonzalez (*pro hac vice* forthcoming)<br>DECHERT LLP<br>1095 Avenue of the Americas<br>New York, NY 10036<br>*Counsel for Defendant, ModernaTX, Inc.* |

*/s/ Andrew "Pete" Pullen*
Andrew "Pete" Pullen
*Counsel for Defendants, Joel M. Warren, MD and Tri-State Gastroenterology Associates*
