# EXHIBIT

# A



David Martin, Boone Circuit Clerk
6025 Rogers Lane, Room 141
Burlington, KY 41005

JOEL M. WARREN
375 THOMAS MORE PARKWAY
CENTRE VIEW BLVD.
FORT MITCHELL, KY 41017



**KCOJ eFiling Cover Sheet**

Case Number: 22-CI-00701

Envelope Number: 4742575

Package Retrieval Number: 474257532295004@00001089649

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 14.16

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Page 1 of 1                    Generated: 6/22/2022 12:22:49 PM

Package:000001 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000001 of 000023

| AOC-E-105     Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **22-CI-00701**<br>Court:   **CIRCUIT**<br>County: **BOONE** |

*Plantiff,* GOINS, LISA KAY VS. SAINT ELIZABETH MEDICAL CENTER, INC. ET, *Defendant*

TO:  **JOEL M. WARREN**

**375 THOMAS MORE PARKWAY**

**CENTRE VIEW BLVD.**

**FORT MITCHELL, KY 41017**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David Martin, Boone
Circuit Clerk
Date: **6/22/2022**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____
                                                            Served By

                                                  _____
                                                            Title

---

Summons ID: 474257532295004@00001089649
CIRCUIT: 22-CI-00701 Certified Mail
GOINS, LISA KAY VS. SAINT ELIZABETH MEDICAL CENTER, INC. ET



Page 1 of 1

eFiled

Package:000002 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000002 of 000023

**COMMONWEALTH OF KENTUCKY**
**BOONE CIRCUIT COURT**
**_____ DIVISION**
**CIVIL ACTION NO. 22-CI-_____**

*Electronically Filed*

**LISA KAY GOINS**                                        **PLAINTIFF**
**925 Kennedy Court**
**Paris, KY 40361**


**v.**


**SAINT ELIZABETH MEDICAL CENTER, INC.,**          **DEFENDANTS**
**d/b/a ST. ELIZABETH HEALTHCARE,**
**1 Medical Village Drive**
**Edgewood, KY 41017**

**SERVE:**      **Robert Hoffer**
                **207 Thomas More Parkway**
                **Crestview Hills, KY 41017**
                **(Serve via Certified mail – return receipt requested)**

**and**

**Tri-State Gastroenterology Associates**
**375 Thomas More Parkway**
**Centre View Blvd.**
**Crestview Hills, KY 41017**

**SERVE:**      **ROSS MCHENRY, MD**
                **425 Centre View Blvd.**
                **Crestview Hills, KY 41017**
                **(Serve via Certified mail – return receipt requested)**

**and**

**JOEL M. WARREN, M.D.**
**Tri-State Gastroenterology Associates**
**375 Thomas More Parkway**
**Centre View Blvd.**
**Crestview Hills, KY 41017**
**(Serve via Registered mail – return receipt requested)**

1

and

**JOHN DOES and JANE DOES NOS. 1-5,**
**Consisting of presently unknown**
**Doctors, Nurses, Physician Assistants,**
**Radiologists, Residents, and**
**other Hospital Personnel**
**of Saint Elizabeth Medical Center, Inc.**

and

**MODERNA, INC.**
**200 Technology Square**
**Cambridge, MA 02139**

> **SERVE:**      **The Corporation Trust Company**
> **1209 Orange Street**
> **Wilmington, DE  19801**
> **(Serve via Certified mail – return receipt requested)**

and

**THE KROGER CO.**
**Kroger Pharmacy #466**
**7685 Mall Road**
**Florence, KY 41042**

> **SERVE:**      **Corporation Service Company**
> **421 West Main Street**
> **Frankfort, KY 40601**
> **(Serve via Certified mail – return receipt requested)**

---

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, Lisa Kay Goins, by and through counsel, and for their

cause of actions against the Defendants, states the following:

1.  At all times relevant, Lisa Kay Goins is a resident of and domiciled in the

    Commonwealth of Kentucky.

2.  At all times relevant, TriState Gastroenterology Associates (hereinafter "TriState

2

Gastro") Defendant Joel M. Warren, III. was licensed to and did in fact practice medicine in the State of Kentucky.

3.  At all times relevant, Kroger Pharmacy was licensed to and did in fact practice medicine in the State of Kentucky.

4.  At all times relevant, Moderna Inc. was licensed to and did in fact distribute pharmaceuticals in the State of Kentucky.

5.  At all times relevant, St. Elizabeth Medical Center, Inc., d/b/a St. Elizabeth Healthcare, (hereinafter "St. Elizabeth Hospital"), was a Non-Profit Corporation authorized to transact business and perform medical services in the State of Kentucky.

6.  At all times relevant herein, St. Elizabeth Hospital held itself out to the public, and specifically to Plaintiff, as a hospital providing competent and qualified medical and nursing services, care and treatment by and through its physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees.

7.  At all times relevant herein, TriState Gastroenterology Associates held itself out to the public, and specifically to Plaintiff, as a hospital providing competent and qualified medical and nursing services, care and treatment by and through its physicians, physicians in training, residents, nurses, agents, ostensible agents, servants and/or employees.

8.  At all times relevant herein, The Kroger Co. - Kroger Pharmacy held itself out to the public, and specifically to Plaintiff, as a pharmacy providing competent and qualified medical and prescription services, care and treatment by and through its

Package:000005 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000005 of 000023

pharmacists, pharmacists in training, pharmacist technicians, agents, ostensible agents, servants and/or employees.

9.   At all times relevant herein, Moderna Inc. pharmaceutical and biotechnology company held itself out to the public, and specifically to Plaintiff, as a pharmaceutical and biotechnology company providing qualified transformative vaccination mRNA medicine (COVID-19) to initiate an immune response to fight against Coronavirus Disease.

10.  The amount in controversy exceeds the jurisdictional threshold of this Court.

11.  The subject matter of the Complaint arises out of medical treatment by Defendants in Boone County, Kentucky.  This Court is thus the proper venue to grant Plaintiff the relief sought.

### FACTUAL ALLEGATIONS OF PLAINTIFF

12.  On or about July 3. 2021, Ms. Goins was administered her first Moderna COVID-19 vaccine at The Kroger Co. - Kroger Pharmacy in Florence, Kentucky.

13.  On or about July 31, 2021, Ms. Goins was administered her second Moderna COVID-19 vaccine at Kroger Pharmacy in Florence, Kentucky.

14.  Following Ms. Goins second Moderna COVID-19 vaccine her blood glucose levels fluctuated from her standard controlled level.

15.  On or about August 3, 2021, Ms. Goins woke up with a blood glucose level of 217 but it dropped to 48.  After several attempts to increase her blood glucose level with no improvement, her boyfriend , Chris Elliott, drove her to the closest Emergency Room, St. Elizabeth Hospital in Florence, Kentucky. Ms. Goins blood

4

Package:000006 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000006 of 000023

glucose level was not increasing. She was admitted to St. Elizabeth Hospital for further evaluation for erratic hypoglycemia and shortness of breath.

16. Ms. Goins showed persistent hypoglycemia, predominantly occurring overnight. She was moved to ICU where she could be better monitored and was placed on an IV drip of D10 Infusion (concentrated glucose), increased to D20 then D50 to help stabilize her blood glucose levels.

17. The thickness of the concentrated glucose caused her veins to rupture. Eventually an emergency central line was placed in her neck then was replaced with a pic line in her arm.

18. Many tests to include blood work, a CT scan and ultrasound of the pancreas were performed.

19. While in the ICU Ms. Goins was seen by a team of Hospitalists and a team from her endocrinology department. The teams were confused by her case stating they had "never seen anything like it."

20. The hospitalist doctors challenged each other on who was going to "break" her case.

21. One hospitalist required a nurse to complete a consensual search of Ms. Goins personal belongings to make sure she was not injecting herself with insulin to cause the low blood glucose levels. Thus, humiliating Ms. Goins.

22. Ms. Goins complained of abdominal pain, unspecified abdominal location. Tri-State Gastroenterology Associates was consulted. Ms. Goins was examined pre-procedure by Dr. Joel M. Warren, III.

5

Package:000007 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000007 of 000023

23. On or about August 7, 2021, Dr. Joel M. Warren, III, with Tri-State Gastroenterology, under monitored anesthesia care, performed at St. Elizabeth Hospital in Florence, Kentucky an upper endoscopic ultrasound with fine needle aspiration and an esophagogastroduodenoscopy to determine if an insulinoma was "hiding" in her pancreas.  There was no mass identified.

24. Because of the hyperechoic nature of Ms. Goins's pancreas and her continued fluctuations in blood glucose, Dr. Warren then decided to perform a pancreatic biopsy. The fine needle biopsy was performed at the pancreatic body on two separate passes using a 22-guage Boston Acquire needle.

25. Dr. Warren's post-op diagnosis was non-specific slightly hyperechoic pancreatic parenchyma with no identifiable mass.

26. After many tests were performed and none resulted in a conclusive diagnosis, the doctors stated it could have been a reaction to her July 31, 2021 second Moderna COVID-19 vaccine.

27. Upon Ms. Goins blood glucose levels stabilizing, Ms. Goins was discharged from St. Elizabeth Hospital on August 22, 2021.

28. Over the next several weeks, Ms. Goins noticed she was very weak and had a loss of appetite.

29. The week of September 12, 2021, Ms. Goins was unable to hold down any food.

30. On or about September 18, 2021, Ms. Goins did not notice much improvement, therefore resulting in her boyfriend driving her to the nearest Emergency Room at Harrison Memorial Hospital in Cynthiana, Kentucky.

Package:000008 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000008 of 000023

Filed          22-CI-00701      06/22/2022      David Martin, Boone Circuit Clerk

31. Ms. Goins was admitted and administered medicine to help with the nausea, vomiting, chills and acute abdominal pain.

32. The ER doctor, Dr. Michael S. Gainey, ordered blood work and a CT scan.  The CT scan results showed Ms. Goins had pancreatitis and a pseudocyst on her pancreas.

33. Dr. Gainey indicated the pseudocyst on the pancreas was more than likely caused from any irritation like a biopsy. He said removing the cyst would just irritate the pancreas even more. Dr. Gainey indicated not eating would help the pancreas rest.

34. Ms. Goins was discharged on September 20, 2021.

35. Once home, Ms. Goins continued with loss of appetite and was unable to hold down food.

36. On or about September 22, 2021 while on a Telemedicine TeleVisit with her endocrinologist, Dr. Wael Eid, due to elevated blood glucose levels.  Dr. Eid advised Ms. Goins to go to St. Elizabeth's Emergency Room immediately.

37. Ms. Goins boyfriend drove her to St. Elizabeth's Emergency Department in Edgewood, Kentucky.

38. The Emergency Room doctor, Dr. Soung H. Cho admitted Ms. Goins for supportive management and monitoring of worsening upper abdominal pain, left-sided flank pain radiating to her shoulder, vomiting, continued nausea and pancreatitis.  She was provided an IV morphine and IV Zofran pain medication.

39. On or about September 24, 2021, Ms. Goins continued to complain of persistent pain which would not subside with medication.  She remembers being taken for a CT scan and then waking up in SICU.

Package:000009 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000009 of 000023

Filed          22-CI-00701      06/22/2022      David Martin, Boone Circuit Clerk

40. The CT of her abdomen showed there was a large intraabdominal bleed, a larger subcapsular splenic hematoma and presence of subcapsular splenic parenchymal laceration/rupture. Ms. Goins blood pressure was low with tachycardia.

41. On September 25, 2021, Ms. Goins was rushed to emergency surgery.  Dr. Anthony England performed an exploratory laparotomy, splenectomy, pancreatic debridement, repair of posterior wall gastric perforation with omental patch and Jejunostomy feeding tube placement.  Ms. Goins was provided rapid blood transfusions.

42. Ms. Goins was diagnosed with hemorrhagic shock, pancreatic necrosis, pancreatitis associated with posterior wall gastric perforation, spleen hematoma, acute blood loss and acute pancreatitis.

43. Ms. Goins was informed her spleen may have ruptured from being nicked.

44. On October 1, 2021, Ms. Goins underwent a CT-guided diagnostic aspiration left pleural effusion and left diaphragmatic collection.

45. She was informed a pancreatic duct leak was suspected.

46.  On October 20, 2021 Ms. Goins underwent a CT-guided aspiration and a PD stent drainage tube was placed to drain the fluid leaking from her pancreas. The procedure was performed by Dr. Aditya Kalakonda with St. Elizabeth Physicians Gastroenterology.

47. After surgery, Ms. Goins was on a liquid diet for a week then placed on a soft food diet.  She was then placed on a low fiber diet

Package:000010 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000010 of 000023

48. Ms. Goins was weak and had to undergo physical therapy twice a week while in the hospital to learn basic skills and how to walk with a walker to increase her mobility.

49. Ms. Goins was devastated, concerned she could not do basic skills, walk or go up and down steps. She became depressed.

50. Once Ms. Goins' staples and drainage tube were removed, and she could walk short distances on her own and keep down food, she was discharged from St. Elizabeth Hospital.

51. Ms. Goins was discharged on 11/2/2021 to her boyfriend's home as she could not be left alone, and his home had no stairs.

52. Ms. Goins was released with a feeding tube with instructions on how to use an IV feeding pump from 7:00 p.m. to 7:00 a.m. daily.

53. On November 5, 2021, Ms. Goins followed up with her Primary Care Physician, Dr. Michael Gieske.

54. On November 12, 2021 Ms. Goins followed up with her surgeon's group and was informed her feeding tube was not ready to be removed.

55. On or about November 20, 2021, Ms. Goins noticed the area around the feeding tube was painful and removed the bandage surrounding the feeding tube. She noticed a green puslike material with a foul odor. She was experiencing chills. The tube was still functional and working properly.

56. Ms. Goins downloaded a photo to St. Elizabeth MyChart and contacted the on-call doctor, Dr. Noreen Durrani, with the Surgeon's Group. She was advised to go to the nearest Emergency Room for evaluation.

Package: 000011 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000011 of 000023

57. Ms. Goins boyfriend drove her to Baptist Health Lexington in Lexington, Kentucky.

58. The ER doctor ordered blood work and a CT scan of Ms. Goins abdomen and pelvis. The blood work showed a high white blood count.  The CT findings were cellulitis and somewhat loculated fluid collection in left upper quadrant  which may present postoperative seroma.  It was determined Ms. Goins suffered from an infected feeding tube and loose stitching. Ms. Goins was treated with an antibiotic, the wound was cleaned and rebandaged.

59. The ER doctor informed Ms. Goins to not use her feeding tube until she followed up with her St. Elizabeth's surgeon's office.

60. On November 22, 2021 Ms. Goins followed up APRN Rob Braun with her St. Elizabeth's surgeon's office.  He restitched the feeding tube and ordered an X-ray to reassure the tubing was still in the correct position in her stomach.

61. On November 24, 2021 Ms. Goins had an X-ray of her abdomen and upper pelvis at St. Elizabeth Hospital in Florence, Kentucky.

62. On November 26, 2021 Ms. Goins received a telephone call from APRN Rob Braun who stated the X-ray showed the tube was in place and to resume with the feeding tube.

63. On December 13, 2021 Ms. Goins feeding tube was removed by in the Surgeon's Office.

64. Ms. Goins surgery on August 7, 2021 has been a life altering experience. She has been hospitalized at four different hospitals, has undergone several procedures

Package:000012 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000012 of 000023

and has suffered through numerous doctor's visits and testing as a result of her surgery.

65. Ms. Goins continues to suffer from anxiety and depression knowing she is now more susceptible to disease and viruses as well suffering from the physical, mental and emotional scarring from the surgery on August 7, 2021.

66. Ms. Goins has been off works since August 3, 2021. She has suffered financial loss from lack of employment thus causing financial hardship from compilation of medical bills and day to day living.

67. Ms. Goins continues to experience persistent pain on her left side where the fluid is leaking from her pancreas ever since the surgery on August , 2021. The doctor stated she will have to periodically have a CT scan to determine if fluid collection is increasing.

**JOEL M. WARREN, III AND JOHN DOES AND JANE DOES 1-5**

**COUNT I: NEGLIGENCE –**

1. Plaintiff incorporates all above paragraphs as is fully restated herein.

2. Defendants Dr. Joel M. Warren, III and John Does and Jane Does 1-5 all owed the patient, Lisa Kay Goins, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar circumstances.

3. Defendants Dr. Joel M. Warren, III and John and Jane Does 1-5 all breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent health care surgeon would have exercised under same or similar circumstances through, among other things, medical mismanagement and

Package:000013 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000013 of 000023

mistreatment of Lisa Kay Goins.

4. As a direct and proximate result of the aforementioned negligence and deviation from the standard of care on the part of the Defendants Dr. Joel M. Warren, III and John and Jane Does 1-5, Lisa Kay Goins suffered worse and continued pain and disability, loss of income, hardship, and surgery to correct the resulting issues and all damaged in the Prayer for Relief.

**COUNT II: BATTERY**

5. Plaintiff incorporates all above paragraphs as if fully restated herein.

6. Defendants Dr. Joel M. Warren, IIII and John Does and Jane Does 1-5 committed battery against Lisa Kay Goins by performing a high risk surgical procedure that was contraindicated for Lisa Kay Goins' medical condition.

7. Lisa Kay Goins would not have agreed to the surgery if she knew the surgery contraindicated.

8. As a direct and proximate result of the aforementioned battery by Dr. Joel M. Warren, III and John Does and Jane Does, Lisa Kay Goins has suffered injuries.

**ST. ELIZABETH HOSPITAL & TRISTATE GASTROENTEROLOGY ASSOCIATES COUNTS:**

**COUNT I: NEGLIGENCE**

9. Plaintiff incorporates all above paragraphs as is fully restated herein.

10. Defendants St. Elizabeth Hospital and TriState Gastro all owed the patient, Lisa Kay Goins, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar

12

circumstances.

11. Defendants St. Elizabeth Hospital and TriState Gastro all breached their duty by
    failing to exercise the requisite degree of skill, care and diligence that an
    ordinarily prudent health care provider would have exercised under same or
    similar circumstances through, among other things, medical mismanagement and
    mistreatment of Lisa Kay Goins.

As a direct and proximate result of the aforementioned negligence and deviation from the
standard of care on the part of the Defendants St. Elizabeth Hospital and TriState Gastro,
Lisa Kay Goins suffered worse and continued pain and disability, loss of income,
hardship, and surgery to correct the resulting issues and all damages in the Prayer for
Relief.

### COUNT II: VICARIOUS LIABILITY

12. At all times relevant, Defendant Dr. Joel M. Warren, III was an agent, and/or
    employee of TriState Gastro and St. Elizabeth Hospital.

13. At all times relevant, Defendants John Does and Jane Does were an agent, and/or
    employee of TriState Gastro and St. Elizabeth Hospital.

14. Defendant Dr. Joel M. Warren, III was performing within the scope of his
    employment with the above listed defendants during the care and treatment of
    Lisa Kay Goins.

15. Defendants John Does and Jane Does were performing within the scope of his or
    her employment with the above listed defendants during the care and treatment of
    Lisa Kay Goins.

13

16. Defendants, as listed above, are responsible for harm caused by acts and omissions of its employees for conduct that was within the scope of employment under the theory of respondeat superior.

17. Defendants, as listed above, are vicariously liable for the acts of Defendant Dr. Joel M. Warren, III, as alleged in this Complaint including all of the counts asserted against Dr. Joel M. Warren, III directly.

18. Defendants, as listed above, are vicariously liable for the acts of Defendants John Does and Jane Does, as alleged in this Complaint including all of the counts asserted against John Does and Jane Does directly.

19. As a direct and proximate result of Defendant's, as listed above, acts and omissions, Lisa Kay Goins sustained severe injuries, prolonged pain and suffering, emotional distress, humiliation, discomfort, loss of enjoyment of life, and loss of ability to perform usual and customary activities and incurred substantial medical expenses and treatment.

**COUNT III: NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

20. Defendant's, as listed above, provided Dr. Joel M. Warren, III, inter alia, financial support, control, medical facilities, billing and insurance payment support, staff support, medicines, and tangible items for use on patients.

21. Defendant's, as listed above, breached its duty to Lisa Kay Goins, inter alia, by not supervising or controlling the actions of Dr. Joel M. Warren, III and the doctors, nurses, staff, and those with privileges, during the medical treatment of Lisa Kay Goins at Defendants' Hospital.

14

Package:000016 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000016 of 000023

22. As a direct and proximate result of the acts and omissions herein described, including but not limited to failure to properly supervise medical treatment by Dr. Joel M. Warren, III, Lisa Kay Goins sustained damages.

## COUNT IV: BREACH OF FIDUCIARY DUTY AND NEGLIGENCE OF HOSPITAL DEFENDANTS

23. Based upon all facts pled and to be proven, Hospital Defendants had a fiduciary duty by their position to protect Lisa Kay Goins and were in positions of responsibility and trust to take action against Dr. Joel M. Warren, IIII at Defendant's Hospitals and they failed to do so, therefore proximately causing harm to Lisa Kay Goins.

24. As employees of Defendant Hospitals, they are vicariously liable for their actions.

## THE KROGER CO. – KROGER PHARMACY

## COUNT I: NEGLIGENCE

25. Plaintiff incorporates all above paragraphs as is fully restated herein.

26. Defendant The Kroger Co. - Kroger Pharmacy owed the patient, Lisa Kay Goins, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar circumstances.

27. Defendant The Kroger Co. - Kroger Pharmacy breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent health care provider would have exercised under same or similar circumstances through, among other things, medical mismanagement and mistreatment of Lisa Kay Goins.

28. As a direct and proximate result of the aforementioned negligence and deviation

15

Package:000017 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000017 of 000023

from the standard of care on the part of the Defendant The Kroger Co. - Kroger Pharmacy, Lisa Kay Goins suffered worse and continued pain and disability, loss of income, hardship, and surgery to correct the resulting issues and all damaged in the Prayer for Relief.

## COUNT II: BATTERY

29. Plaintiff incorporates all above paragraphs as if fully restated herein.

30. Defendant The Kroger Co. - Kroger Pharmacy committed battery against Lisa Kay Goins by performing a high risk procedure of injection of transformative vaccine mRNA medicine (COVID-19) procedure that was contraindicated for Lisa Kay Goins' medical condition.

31. Lisa Kay Goins would not have agreed to the vaccination if she knew the vaccine contraindicated.

As a direct and proximate result of the aforementioned battery by The Kroger Co. - Kroger Pharmacy, Lisa Kay Goins has suffered injuries.

## MODERNA, INC.

## COUNT I: NEGLIGENCE

32. Plaintiff incorporates all above paragraphs as is fully restated herein.

33. Defendant Moderna, Inc. owed the patient, Lisa Kay Goins, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar circumstances.

34. Defendant Moderna, Inc. breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent pharmaceutical and biotechnology company provider would have exercised under same or similar

16

Package:000018 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000018 of 000023

circumstances through, among other things, medical mismanagement and

mistreatment of Lisa Kay Goins.

35. As a direct and proximate result of the aforementioned negligence and deviation

from the standard of care on the part of the Defendant Moderna, Inc., Lisa Kay

Goins suffered worse and continued pain and disability, loss of income, hardship,

and surgery to correct the resulting issues and all damaged in the Prayer for

Relief.

## COUNT II: BATTERY

36. Plaintiff incorporates all above paragraphs as if fully restated herein.

37. Defendant Moderna, Inc. committed battery against Lisa Kay Goins by

distributing a high risk pharmaceutical of transformative vaccine mRNA medicine

(COVID-19) that was contraindicated for Lisa Kay Goins' medical condition.

38. Lisa Kay Goins would not have agreed to the vaccination if she knew the vaccine

contraindicated.

As a direct and proximate result of the aforementioned battery by Moderna, Inc., Lisa Kay

Goins has suffered injuries.


## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests and seeks justice in the form and procedure of

a jury, verdict and judgment against Defendants on all claims for the following damages:

1.      Past medical bills;

2.      Future medical bills;

3.      Lost income and benefits;

Package:000019 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000019 of 000023

Filed               22-CI-00701        06/22/2022        David Martin, Boone Circuit Clerk

4.      Lost future income and benefits;

5.      Loss of ability to earn income;

6.      Past pain and suffering;

7.      Future pain and suffering;

8.      All incidental costs and expenses incurred as a result of their injuries;

9.      The damages to their credit as a result of their injuries;

10.     Punitive damages;

11.     Costs;

12.     Attorneys' fees;

13.     Interest;

14.     All property loss; and,

15.     Such other and further relief to which Plaintiff appears entitled, both at law and in equity.

Based upon 1-15 itemization of damages, the damages sought exceed the minimum jurisdictional amount of this Court and Plaintiff seeks in excess of $25,000.

Respectfully Submitted,

/s/ A. Dominick Romeo
A. Dominick Romeo (97754)
Deters Law
5247 Madison Pike
Independence, Kentucky 41051
PH: (859) 363-1900
FX: (859) 363-1444
Email: dromeo@ericdeters.com

Filed               22-CI-00701        06/22/2022        David Martin, Boone Circuit Clerk

Package:000020 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000020 of 000023

## JURY DEMAND

Plaintiff makes a demand for a jury under all claims.

_/s/ A. Dominick Romeo_

Package:000021 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000021 of 000023

19

**CERTIFICATION**

Lisa Kay Goins, (hereinafter "Plaintiff"), by and through undersigned counsel, state that Plaintiff has reviewed the facts of this case and consulted a physician who is qualified pursuant to the Kentucky Rules of Civil Procedure and Kentucky Rules of Evidence as required by KRS § 411.167 to give testimony as to the standard of care and/or negligence, and who Plaintiff and/or Plaintiff's attorney reasonably believes is knowledgeable in the relevant issues involved in this action and concluded based upon review and consultation that there is a reasonable basis to commence this action.

**Verification**

I, A. Dominick Romeo, hereby affirm, subject to penalties for the crime of perjury, that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

***/s/ A. Dominick Romeo***

A. Dominick Romeo (#97754)
DETERS LAW
5247 Madison Pike
Independence, KY 41051
P: 859-363-1900
F: 859-363-1444
dromeo@ericdeters.com
*Counsel for Plaintiff*

Package:000022 of 000023
Presiding Judge: HON. JAMES R. SCHRAND (654281)
Package : 000022 of 000023

COMMONWEALTH OF KENTUCKY        )
                                )  ss:
COUNTY OF KENTON                )

    Subscribed and sworn to before me by A. Dominick Romeo on this ___16___ day of June, 2022.

*Loretta Little*
Notary Public

My Commission Expires: ___12-5-23___

LORETTA LITTLE
Notary Public-State at Large
KENTUCKY - Notary ID # 636972
My Commission Expires 12-05-2023

Package: 000023 of 000023

Presiding Judge: HON. JAMES R. SCHRAND (654281)

Package : 000023 of 000023