UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CIVIL ACTION NO. 2:22-CV-00091-WOB-EBA

*Electronically Filed*

LISA KAY GOINS                                                                                        PLAINTIFF

v.       **DEFENDANTS, JOEL M. WARREN, M.D. AND
TRI-STATE GASTROENTEROLOGY ASSOCIATES'
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

SAINT ELIZABETH MEDICAL CENTER, INC.;
TRI-STATE GASTROENTEROLOGY ASSOCIATES;
JOEL M. WARREN, M.D.;
MODERNATX, INC.; THE KROGER CO.;
JOHN DOES and JANE DOES NOS. 1-5                                         DEFENDANTS

\* \* \* \* \*

## INTRODUCTION

The Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§247d-6d, 247d-6e, is a key thread in the fabric of our nation's public health emergency framework. It allows the federal government to employ private sector participants in a unified, national effort to combat threats to public health and national security. Plaintiff's allegations in this case are related to Dr. Warren's treatment of her medical conditions, which she alleges were caused by the Moderna COVID-19 vaccines. Dr. Warren's actions were therefore related to the administration of a covered countermeasure, and Plaintiff's claims are barred or otherwise defensively preempted under the PREP Act. 42 U.S.C. § 247d-6d(a)(1), (b)(8). Further, the Court lacks subject matter jurisdiction over this matter as it was not filed in the exclusive—specially assigned—federal court of the United States District Court for the District of Columbia ("D.D.C."); thus, the case should either be transferred there or dismissed. 42 U.S.C. § 247d-6d(e)(1), (5). Dismissal is also appropriate as

Plaintiff has failed to exhaust the statutorily required administrative predicate in accordance with the PREP Act. 42 U.S.C. § 247d-6e(d).

## STATEMENT OF THE CASE AND ALLEGED FACTS

In March of 2020, this nation was plagued by an unprecedented global pandemic—a novel virus known as severe acute respiratory syndrome coronavirus (SARS-CoV-2) ("COVID-19") that had no known cure, therapeutic treatment, or vaccine.[1] As a direct result of the COVID-19 pandemic, the Secretary of Health and Human Services ("HHS") issued a Declaration invoking the PREP Act, and, over time, defined the breadth of protections afforded to qualified persons—such as Dr. Warren—for taking actions related to the administration of countermeasures aimed at combatting COVID-19. *See* Declaration, 85 Fed. Reg. 15,198, 15,199 (Mar. 17, 2020).

Congress expressly granted HHS the authority to make such declarations to define the scope of the PREP Act's application, to define covered countermeasures and the "administration" of countermeasures, and to select its protected partners. 42 U.S.C. § 247d-6d(b). Congress also limited judicial review of HHS's declarations. 42 U.S.C. § 247d-6d(b)(5) ("No court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under this subsection.").

On June 22, 2022, Plaintiff, Lisa K. Goins, filed this case in the Boone Circuit Court in Kentucky alleging medical malpractice and products liability.[2] Defendant, Moderna, filed a notice

---

[1] Defendants request that the Court take judicial notice of COVID-19 and its impact on the United States. Fed. R. Evid. 201.

[2] Defendants take the factual allegations included within Plaintiff's Complaint as true only for purposes of their Motion to Dismiss and Statement of Alleged Facts. Defendants' factual assumptions should not be construed as an admission of any of Plaintiff's factual allegations. Additionally, Defendants' Motion to Dismiss should not be construed as a waiver of any other defenses to which they may be entitled in the future, including the right to move the Court to dismiss this action based on Kentucky state immunity grounds. *See, e.g., Tipton v. St. Joseph Health Sys., Inc.*, ___ S.W.3d ___, 2022 WL 2541827 (Ky. Ct. App. July 8, 2022) (to be published).

of removal on July 18, 2022, asserting various bases for federal jurisdiction.[3] [DN 1]. Dr. Warren removed the action to this Court on July 20, 2022, asserting that Plaintiff's alleged claims are required to be exclusively adjudicated in federal court. [DN 9]. Most recently, Defendant, Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare, also removed this action. [DN 11].

Ms. Goins received the first Moderna COVID-19 vaccination at the Kroger pharmacy on or about July 3, 2021.[4] Ms. Goins received the second Moderna COVID-19 vaccination at the Kroger pharmacy on July 31, 2021.[5] Ms. Goins alleges that her blood glucose levels fluctuated following the second vaccination.[6] "On or about August 3, 2021, Ms. Goins woke up with a blood glucose level of 217 but it dropped to 48. After several attempts to increase her blood glucose level with no improvement, her boyfriend , [sic] Chris Elliott, drove her to the closest Emergency Room, St. Elizabeth Hospital in Florence, Kentucky. Ms. Goins blood glucose level was not increasing.[7] She was admitted to St. Elizabeth Hospital for further evaluation for erratic hypoglycemia and shortness of breath."[8] Her hypoglycemia persisted and Ms. Goins was admitted and moved to the ICU for closer monitoring.[9] Providers at the hospital worked to treat Ms. Goins's fluctuating glucose levels.[10] Joel M. Warren, III, M.D., a board-certified physician with Tri-State Gastroenterology Associates, was consulted and likewise treated Ms. Goins, allegedly performing several interventions in an effort to address Ms. Goins's resultant medical conditions.[11]

---

[3] Dr. Warren and Tri-State Gastroenterology Associates consented only to Moderna's removal of this action to federal court, but they did not agree or consent to Moderna's mischaracterization of the claims that have been filed against Defendants Dr. Warren and Tri-State Gastroenterology Associates. As alleged by Plaintiff, these claims arise from and/or are related to the Moderna vaccines that she received. *See* Notice of Removal at 2 n.1. [DN 9, Page ID# 76].
[4] *See* Pl.'s Compl. ¶ 12.
[5] *Id.* ¶ 13.
[6] *Id.* ¶ 14.
[7] *Id.*
[8] *Id.* ¶ 15.
[9] *Id.* ¶ 16.
[10] *Id.* ¶ 16-18.
[11] *Id.* ¶¶ 22-25.

Within her Complaint, Ms. Goins also alleges that "[a]fter many tests were performed and none resulted in a conclusive diagnosis, the doctors stated it could have been a reaction to her July 31, 2021 second Moderna COVID-19 vaccine."[12] Ms. Goins was discharged from St. Elizabeth Hospital on August 22, 2021 after her blood glucose levels stabilized.[13] Following her August 22, 2021 discharge, Plaintiff was allegedly hospitalized again and underwent several surgeries.[14]

## ARGUMENT

### I. Standard of Review

#### A. Motion to Dismiss for Failure to State a Claim

The Court must use its "judicial experience and common sense" in reviewing a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive the motion, Plaintiff's Complaint must contain sufficient facts that when accepted as true state a claim that is plausible on its face. *Id.* at 678. A party's bare assertion of legal conclusions fails to meet this standard. *Howell v. Father Maloney's Boys' Haven, Inc.*, 424 F.Supp.3d 511, 515 (W.D. Ky. 2020). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 Fed.Appx. 485, 487 (6th Cir. 2014). Questions of law involving statutory interpretation are ripe for resolution at the pleadings stage. *See, e.g., Hoffman v. Comshare, Inc.*, 183 F.3d 542, 547-48 (6th Cir. 1999). "[A] court may consider 'public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies' when ruling on a motion to dismiss without converting

---

[12] *Id.* ¶ 26.
[13] *Id.* ¶ 27.
[14] *Id.* ¶ 28-64.

4

it to a motion for summary judgment under Rule 56." *Mitchell v. Qualitest Pharms.*, 187 F.Supp.3d 831, 832 n.2 (W.D. Ky. 2016).

Dismissal under Rule 12(b)(6) is also appropriate where the allegations included in the complaint are barred by an affirmative defense also appearing on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007). This Rule has been applied when a plaintiff fails to exhaust administrative remedies. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (noting this concept in the context of the Prison Litigation Reform Act of 1995). Additionally, because one of the affirmative defenses applicable here is immunity from suit through the PREP Act, the Court should resolve the immunity question at the outset of litigation to avoid the costs and expenses of trial. *See Livingston v. Luken*, 151 Fed.Appx. 470, 475 (6th Cir. 2005).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a case when there is a lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Himes v. United States*, No. CIV.A. 08-475-KSF, 2009 WL 2778216, at *3 (E.D. Ky. Aug. 28, 2009), *aff'd*, 645 F.3d 771 (6th Cir. 2011). *See also Perez v. Oxford University*, 2022 WL 1446543 (S.D.N.Y. April 11, 2022) (dismissing PREP Act claim because exclusive jurisdiction lies in the D.D.C) (Exhibit A); *Perez v. Oxford University*, No. 21-CV-4844 (VEC) (RWL) (S.D.N.Y. May 10, 2022) (same) (Exhibit B).

### C. Motion to Dismiss for Improper Venue

A defendant may move to dismiss an action because it was filed in the improper venue. Fed. R. Civ. Pro. 12(b)(3). Venue is improper where it does not comply with the controlling statute's exclusive venue provisions. *See, c.f.*, *Steyr Arms, Inc. v. SIG Sauer, Inc.*, No. 2:17-CV-00712-MHH, 2017 WL 11454582, at *2 (N.D. Ala. Oct. 11, 2017) (discussing exclusive venue

5

statute in patent infringement action). Once venue is challenged, the plaintiff bears the burden of showing that his or her chosen venue is proper. *See Anthony v. Murdock*, No. 3:16-CV-00550-RGJ, 2019 WL 498850, at *6 (W.D. Ky. Feb. 8, 2019). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also* 28 U.S.C. § 1631. "The decision of whether to dismiss or transfer is within the district court's sound discretion…." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

## II. Plaintiff's Claims are Barred by PREP Act Immunity

It is important to note at the outset that since the COVID-19 battle began in March of 2020, HHS has insisted that the PREP Act's protections—specifically, immunity and defensive preemption—are to be broadly applied. AO 20-01 at 2, 4, 7; AO 20-04 at 1-2 (HHS declares PREP Act immunity "broad" no less than six times). Under the PREP Act, "covered persons" are entitled to liability immunity under federal and state law for "all claims for loss" "*caused by, arising out of, relating to, or resulting from*" the administration or use of a COVID-19 covered countermeasure. 42 U.S.C. § 247d-6d(a)(1) (emphasis added).

Here, Dr. Warren is a covered person under the PREP Act who provided medical treatment to Ms. Goins for medical conditions caused by, arising out of, related to, and resulting from the administration to her of a covered countermeasure—namely, COVID-19 vaccinations. More specifically, under the PREP Act, a "covered person" includes, among others, "a person or entity that is" "a qualified person." 42 U.S.C. § 247d-6d(i)(2)(B)(iv). The term "qualified person," "when used with respect to the administration or use of a covered countermeasure, means a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such

6

countermeasures under the law of the State in which the countermeasure was prescribed, administered, or dispensed." 42 U.S.C. § 247d-6d(i)(8).

Dr. Warren is a "qualified person" because he is licensed to practice medicine in Kentucky, the same state in which Ms. Goins received her Moderna vaccinations at the Kroger pharmacy located in Florence, Kentucky.  As admitted in Ms. Goins's Complaint, Dr. Warren is a board-certified physician duly licensed by the Commonwealth of Kentucky to practice medicine.[15]  Ms. Goins concedes that Dr. Warren provided her medical treatment on or about August 7, 2021 for medical issues that she alleges resulted from and related to her receipt of the Moderna COVID-19 vaccinations.[16]

The Moderna COVID-19 vaccines are covered countermeasures. 85 Fed. Reg. 79196 ("Covered countermeasures" are "any vaccine manufactured, used, designed, developed, modified, licensed, or procured to diagnose, mitigate, prevent, treat, or cure COVID-19…."). The U.S. Food and Drug Administration provided Moderna emergency use authority for its COVID-19 vaccine on December 18, 2020, and approved the vaccine on January 31, 2022.[17]

Also, Ms. Goins's claims have a "causal relationship" to the "administration" or "use" of covered countermeasures. The PREP Act's immunity provision is broad and provides liability immunity for "all claims for loss" "*caused by, arising out of, relating to, or resulting from*" the administration or use of a COVID-19 covered countermeasure. 42 U.S.C. § 247d-6d(a)(1) (emphasis added). The language Congress drafted into the immunity provision evidences a liberal causal relationship. *See*, *e.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)

---

[15] Pl.'s Compl. ¶ 2.
[16] *Id.* ¶¶ 22-25.
[17] *FDA Takes Additional Action in Fight Against COVID-19 By Issuing Emergency Use Authorization for Second COVID-19 Vaccine*, U.S. Food & Drug Admin. (Dec. 18, 2020), *available at* https://www.fda.gov/news-events/press-announcements/fda-takes-additional-actionfight-against-covid-19-issuing-emergency-use-authorization-second-covid.

("For purposes of the present case, the key phrase, obviously, is 'relating to.' The ordinary meaning of these words is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with,'—and the words thus express a broad preemptive purpose.") (quoting Black's Law Dictionary 1158 (5th ed. 1979)). HHS's Fifth Advisory Opinion likewise confirms that PREP Act "extends immunity to anything "relating to" the administration of a covered countermeasure." AO 21-01 at 3. For example, HHS's declaration confirms that the PREP Act precludes liability even for a slip-and-fall injury at a countermeasure distribution site. *See* 85 Fed. Reg. 15,198 at 15,200. A medical provider treating medical conditions arising from the administration of a COVID-19 vaccine is therefore certainly entitled to PREP Act immunity as well.

A review of the allegations in Ms. Goins's Complaint, and the defendants named as parties therein, confirms that her claims of loss arise from and relate to her receipt of the Moderna COVID-19 vaccinations and the resulting treatment she received—including from Dr. Warren—to address and resolve the health issues that she experienced after receiving the vaccinations. That is, Ms. Goins's Complaint alleges that, on July 3, 2021 and July 31, 2021, she received the first and second Moderna COVID-19 vaccinations, respectively, from the Kroger Pharmacy.[18] According to the allegations in her Complaint, Ms. Goins was then hospitalized and treated at St. Elizabeth Hospital for fluctuating blood glucose levels allegedly caused by the Moderna COVID-19 vaccine.[19] But for these medical conditions, which Ms. Goins's Complaint describes as resulting from the Moderna COVID-19 vaccine, Dr. Warren would not have provided her medical treatment on August 7, 2021. Plaintiff's various claims thus plainly arise out of, relate to, and result from the

---

[18] *Id.* ¶ 12-13.
[19] *Id.* ¶ 14-15, 26.

8

administration of covered countermeasures, i.e., the Moderna COVID-19 vaccinations. Dr. Warren is entitled to PREP Act immunity as a result.

### III. The PREP Act is a Strong Defensive Preemption Statute

There is an important distinction between two types of preemption. The liability doctrine of defensive "ordinary" preemption is distinguished from the jurisdictional doctrine of complete preemption. 14C Fed. Prac. & Proc. Juris. § 3722.2 (Rev. 4th ed.). Here, Defendant refers to the latter, and the necessary dismissal of this case is due to the express statutory defensive preemption under the PREP Act. 42 U.S.C. §247d-6d(b)(8).

The PREP Act has an extraordinary preemption section covering all state and federal claims that "differ from" or "conflict with" the PREP Act:

> [N]o State or political subdivision of a State may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that—
>
> (A) is different from, or is in conflict with, any requirement applicable under this section; and
>
> (B) relates to the ... administration by qualified persons of the covered countermeasure, or to any matter included in a requirement applicable to the covered countermeasure under this section or any other provision of this chapter.

42 U.S.C. §247d-6d(b)(8);[20] *Bruesewitz v. Wyeth, LLC*, 562 U.S. 223 (2011) (finding defensive preemption in the National Childhood Injury Vaccine Act, and, as the dissent notes, that Act is much less strong on defensive preemption as compared to the clear and unequivocal PREP Act preemption language).

"Preemption fundamentally is a question of congressional intent, and when Congress has made its intent known through explicit statutory language, the courts' task is an easy one." *English*

---

[20] HHS refers eight times to the broad applicability of preemption of state law claims. *See* AO 21-01 at 1, AO 20-04 at 3; AO 20-02 at 4-5; AO 20-01 at 2.

*v. General Electric Co.*, 496 U.S. 72, 78-79 (1990). "However, conflict preemption 'turns on the identification of "actual conflict,"' and not on an express statement of pre-emptive intent. A federal agency need not formally find that an actual conflict exists for there to be conflict preemption. Evidence of an actual conflict can include statutory language, regulatory history, and agency commentary." *Wilson v. PLIVA, Inc.*, 640 F. Supp. 2d 879, 882 (W.D. Ky. 2009) (quoting *Geier*, 529 U.S. at 885) (internal citations omitted). Congress made its intent known in the PREP Act, as did HHS in its declarations and subsequent amendments and commentary regarding the same. The Act expressly preempts the enforcement of state law claims. Shotgun filing of state law claims across the country's courts frustrates HSS's goal in forming a unified, whole-of-nation response to the unprecedented COVID-19 pandemic. *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) (DN 35) (U.S. Department of Justice's Statement of Interest). Negligence claims like Ms. Goins's here are in conflict with the PREP Act's limited litigation remedy for willful misconduct claims relating to the administration of countermeasures such as the COVID-19 vaccine, which can be filed only in the D.D.C. after a plaintiff files a claim with the no-fault monetary fund created by Congress. 42 U.S.C. §§ 247d-6d(d)(1) (providing for an exclusive litigation remedy for willful misconduct and barring all else); 247d-6d(e)(1) (providing for exclusive jurisdiction only in the D.D.C.).

Further, the PREP Act's comprehensive administrative claims process and litigation process, together with HHS's declaration and subsequent amendments, demonstrates that the federal government regulates this area so pervasively that the PREP Act meets the requirements of field preemption as well. 42 U.S.C. §§ §247d-6e, 247d-6d(e). Ms. Goins's claims should

10

therefore be dismissed on the grounds of express, conflict, and field defensive preemption. 42 U.S.C. § 247d-6d(b)(8).[21]

### IV.   Plaintiff Failed to File this Action in the Exclusive Jurisdiction of the D.D.C.

Any claim of loss not otherwise barred must be filed only in the D.D.C. 42 U.S.C. §§ 247d-6d(a)(1) (immunity); 247d-6d(b)(8) (preemption); 247d-6d(d)(1) ("sole exception to suit and liability of covered persons set forth [by the Covered Countermeasure Process Fund] shall be for an exclusive Federal cause of action"); 247d-6d(e)(1) ("Exclusive Federal Jurisdiction" "only in the United States District Court for the District Columbia."). Any permissible litigation claims not barred by immunity must be brought in the D.D.C. and not in this Court or any state court. Dismissal of the Complaint is warranted due to Ms. Goins's failure to file her claims in the exclusive jurisdiction and venue legislatively established for them. *Perez v. Oxford University*, 2022 WL 1446543 (S.D.N.Y. April 11, 2022) (Exhibit A) (dismissing PREP Act claim because exclusive jurisdiction lies in the D.D.C); *Perez v. Oxford University*, No. 21-CV-4844 (VEC) (RWL) (S.D.N.Y. May 10, 2022) (Exhibit B) (same); *Kehler v. Hood*, 2012 WL 1945952, *3 (E.D. Mo. May 30, 2012) (in a PREP Act action, court "lacks subject matter jurisdiction over the third party claims … ," as no party asserted "willful misconduct," and the D.D.C. would have exclusive jurisdiction over "any such claim").

---

[21] *See, e.g.*, *Parker v. St. Lawrence County Public Health Department*, 954 N.Y.S.2d 259 (App. Div. 2012). In *Parker*, the plaintiff sued the defendant for negligence and battery relating to the administration of the H1N1 influenza virus. *Id.* at 261. The court concluded that the defendant was immune under the PREP Act from these tort claims, noting that "the sweeping language of the statute's immunity provision" indicated that "Congress intended to preempt all state law tort claims arising from the administration of covered countermeasures" – the vaccine in that case – during a public health emergency. *Id.* at 263.

11

### V. Plaintiff Failed to Exhaust the Administrative Remedy Provided by the Countermeasure Process Fund

Within the PREP Act, Congress established a non-adjudicative, no-fault monetary fund ("CCPF") to compensate eligible individuals for injuries caused by the administration or use of a covered countermeasure. 42 U.S.C. § 247d-6e(a).[22] As a non-adjudicative, "no-fault" process, CCPF claims have no liability standard and encompass all PREP Act "covered injuries." *Compare* 42 U.S.C. § 247d-6d(a)(1) (PREP applies to "all claims for loss"), with 42 U.S.C. §247d-6e(a) (applying to "covered injuries"). However, aggrieved parties must exhaust their benefits from the CCPF before any litigation process is commenced. 42 U.S.C. § 247d-6e(d)(1). The non-adjudicative administrative process "shall be exclusive of any other civil action or proceeding for any claim or suit this section encompasses," except the litigation process in the D.D.C. 42 U.S.C. § 247d-6e(d)(4) (emphasis added). The claimant then has the election to accept any compensation under the monetary fund or to bring suit under before the D.D.C. 42 U.S.C. §247d-6e(d)(5); 42 U.S.C. §247d-6d(e)(1), (5). Neither the PREP Act nor HHS's COVID-19 declaration nor the amendments thereto suggest that COVID-19 claimants have the option of pleading state law claims in state court.

"Generally, exhaustion of administrative remedies is required prior to filing suit in federal court. This requirement provides the agency an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Percy Squire Co., LLC v. The Federal Communications Commission*, No. 2:09CV428, 2009 WL 2448011, at *4 (S.D. Ohio Aug. 7, 2009). Here, Ms. Goins was required to pursue her claims with the CCPF before filing suit against Dr. Warren and Tri-State Gastroenterology Associates. Her Complaint fails to state that

---

[22] Congress has fully funded the COVID-19 fund. *See* Kevin J. Hickey, The PREP Act and COVID-19: Limiting Liability for Medical Countermeasures, Congressional Research Service 4 (Apr. 13, 2022). 42 U.S.C. § 247d-6e(d)(1), (d)(4), (d)(5).

12

the administrative remedy was pursued before she filed this action. Dismissal is warranted as a result. *Ross*, 578 U.S. at 639. The need to exhaust administrative remedies under the PREP Act was of specific concern to the D.D.C. in *Zelig v. City Medical of New Jersey PC*, No. 21-cv-961 (TSC), 2021 U.S. Dist. LEXIS 127708 (D.D.C. July 9, 2021) (Exhibit C). In that matter, the court granted defendants' motion to dismiss because plaintiff failed to allege in his complaint that he exhausted the available administrative remedies and plaintiff also failed to meet the other statutory procedural requirements of the PREP Act.

### VI. In the Alternative, this Matter must be Transferred to the D.D.C.

In instances where Congress has specifically identified an exclusive jurisdiction, all other courts may transfer inappropriately filed cases to the statutorily specified court:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, ... and that court finds that *there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought* at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). "Upon concluding that it lacked jurisdiction, the [court] had authority, under 28 U.S.C. § 1631, to make a single decision—whether to dismiss the case or...to transfer it to a court...that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988). *See, e.g.*, *Woody v. Marberry*, 178 Fed.Appx. 468, 473 (6th Cir. 2006) (noting that "[p]ursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction 'if it is in the interest of justice.'") (quoting *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003)); *Shipman v. Logistics Health, Inc.*, 2016 WL 1715203 (W.D. Wis. Apr. 28, 2016) (transferring an Air Transportation Safety and System Stabilization Act claim to the "original and exclusive jurisdiction" of the United States District

Court for the Southern District of New York pursuant to 28 U.S.C. § 1631); *Rodriguez v. Bush*, 367 F. Supp. 2d 765, 772 (E.D. Pa. 2005) (same). Accordingly, Congress intended that PREP Act claims would have exclusive jurisdiction and venue in D.D.C., and this matter must be transferred, if not dismissed.

## CONCLUSION

WHEREFORE, the Defendants, Joel M. Warren, III, M.D. and Tri-State Gastroenterology Associates, respectfully request that this Court dismiss Plaintiff's claims or, in the alternative, transfer this action to the D.D.C.

Respectfully submitted,

*/s/ Clay A. Edwards*
Clay A. Edwards
O'BRYAN, BROWN & TONER, PLLC
401 S. Fourth Street, Suite 2200
Louisville, KY  40202
Ph: (502)585-4700
Fax: (402)585-4703
edwardsc@obtlaw.com
*Counsel for Defendants, Joel M. Warren, M.D. and Tri-State Gastroenterology Associates*

## CERTIFICATE OF SERVICE

      I certify that on this 27th day of July, 2022, I electronically filed the foregoing with the clerk of the court using the KCOJ efiling system, which will send a notice of electronic filing to the following:

Dominick Romeo
DETERS LAW
5247 Madison Pike
Independence, KY 41051
dromeo@ericdeters.com
*Counsel for Plaintiff*

Chuck Hinegardner
BARRON PECK BENNIE & SCHLEMMER CO. LPA
3074 Madison Road
Cincinnati, OH 45209
clh@bpbslaw.com
*Counsel for Defendant, The Kroger Co.*

Cathy Stickles
DBL LAW
109 E. Fourth Street
Covington, KY 41011
cstickles@dbllaw.com
*Counsel for Defendant, Saint Elizabeth Medical Center, Inc.*

Lori E. Hammond
FROST BROWN TODD LLC
400 W. Market Street, 32nd Floor
Louisville, KY 40202
lhammond@fbtlaw.com
*Counsel for Defendant, ModernaTX, Inc.*

Mara Cusker Gonzalez (*pro hac vice* forthcoming)
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
*Counsel for Defendant, ModernaTX, Inc.*

Sara B. Roitman (*pro hac vice* forthcoming)
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
sara.roitman@dechert.com
*Counsel for Defendant, ModernaTX, Inc.*

      */s/ Clay A. Edwards*
      Clay A. Edwards
      *Counsel for Defendants, Joel M. Warren, M.D. and Tri-State Gastroenterology Associates*