# EXHIBIT

# A

 Positive
As of: June 24, 2022 3:50 PM Z

## *Perez v. Oxford Univ.*

United States District Court for the Southern District of New York

April 11, 2022, Decided; April 11, 2022, Filed

21-CV-4844 (VEC) (RWL)

**Reporter**

2022 U.S. Dist. LEXIS 84504 *; __ F.Supp.3d __; 2022 WL 1446543

ERIC ANDREW PEREZ, Plaintiff, - against - OXFORD UNIVERSITY, et al., Defendants.

**Subsequent History:** Adopted by, Dismissed by, Without prejudice *Perez v. Oxford Univ., 2022 U.S. Dist. LEXIS 84544 (S.D.N.Y., May 10, 2022)*

**Prior History:** *Perez v. Oxford Univ., 2021 U.S. Dist. LEXIS 134038, 2021 WL 3038541 (S.D.N.Y., July 19, 2021)*

## Core Terms

motion to dismiss, vaccine, lack of subject matter jurisdiction, district court, countermeasure, amended complaint, allegations, pro se, lack subject matter jurisdiction, failure to state a claim, Recommendation, misconduct, pleadings, blood

**Counsel:** **[*1]** Eric Andrew Perez, Plaintiff, Pro se, New York, NY.

**Judges:** ROBERT W. LEHRBURGER, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** ROBERT W. LEHRBURGER

## Opinion

### REPORT AND RECOMMENDATION TO HON. VALERIE E. CAPRONI: MOTION TO DISMISS

**ROBERT W. LEHRBURGER, United States Magistrate Judge**.

Plaintiff Eric Perez ("Plaintiff" or "Perez"), proceeding pro se, filed this lawsuit against Dr. Melanie Jay, Dr. Mark J. Mulligan, and Dr. Martina A. Parauda (collectively, the "Federal Defendants"), AstraZeneca

Pharmaceuticals LP, AstraZeneca LP, and AstraZeneca AB (collectively, "AstraZeneca"), and Oxford University (together with the Federal Defendants and AstraZeneca, "Defendants") in connection with health complications he alleges were caused by the administration of AstraZeneca's COVID-19 vaccine. AstraZeneca and Oxford University have moved to dismiss pursuant to *Rules 12(b)(1)* and *12(b)(6) of the Federal Rules Of Civil Procedure* for lack of subject matter jurisdiction and failure to state a claim. The Federal Defendants have moved to dismiss pursuant to *Rule 12(b)(1)*. For the following reasons, I recommend that Defendants' motions to dismiss for lack of subject matter jurisdiction be GRANTED and that Perez's claims be dismissed without prejudice to re-file in the proper jurisdiction.

### FACTS

The facts are drawn **[*2]** from the Amended Complaint. ("Compl." (Dkt. 34).) As required on a motion to dismiss, the Court accepts as true all well-pled allegations of the Complaint and draws all reasonable inferences in favor of Perez, the non-moving party. Although mostly coherent, parts of Perez's Complaint focus on alleged conspiracies and racketeering efforts by federal officials who Perez believes have access to his electronic devices and his home. However, applying a liberal reading afforded to pro se plaintiffs, Perez's allegations and claims can be distilled to the following.

Perez is a former United States Marine who suffers from post-traumatic stress disorder and traumatic brain injury. (Compl. ¶¶ 2, 17.) During his service, Perez was diagnosed with a personality disorder. (Compl. ¶ 17.) Perez receives his medical care at the Department of Veteran Affairs New York Harbor Healthcare System ("VA NYHHS"). (Compl. ¶ 1.) On December 11, 2020, Perez reached out to his care team at VA NYHHS requesting an appointment to receive a COVID-19 vaccine. (Compl. ¶ 24.) He received a call a few days later referring him to a clinical trial of AstraZeneca's

COVID-19 vaccine facilitated by VA NYHHS. (Compl. ¶ 24.) Perez **[*3]** enrolled in the study and received his first dose of the vaccine on December 22, 2020 and the second dose on January 19, 2021. (Compl. ¶¶ 24-25.)

Previously, on August 6, 2020, Perez sustained an injury to his right knee while at work. (Compl. ¶ 22.) On February 11, 2021, following his two doses of the AstraZeneca vaccine, Perez underwent arthroscopic knee surgery. (Compl. ¶ 2.) After the surgery, Perez experienced "extreme pain in his right calf" and was subsequently diagnosed with thrombosis —a blood clot — on February 23, 2021. (Compl. ¶ 29.) Perez sought care from physicians at VA NYHHS and Lenox Hill Radiology through May 2021. (Compl. ¶ 29.)

Perez was prescribed blood thinners and attended one physical therapy session but was informed that his post-surgery rehabilitation could not begin until the blood clot cleared, thereby delaying his recovery. (Compl. ¶ 29.)

Perez informed individuals associated with the AstraZeneca vaccine study of his thrombosis diagnosis on March 23, 2021. (Compl. ¶ 36.) Defendant Dr. Melanie Jay, a VA NYHHS medical staff member involved in the study, unblinded the study and told Perez he had not received the AstraZeneca vaccine but rather a placebo. (Compl. **[*4]** ¶ 36.) Defendant Jay allowed Perez to schedule appointments to receive the Pfizer vaccine. (Compl. ¶ 36.) Perez alleges that Defendant Jay's statement that Perez received a placebo is false and maintains that he received two doses of the AstraZeneca vaccine. (Compl. ¶ 41.)

Pursuant to the Public Readiness and Emergency Preparedness Act (the "PREP Act"), on May 17, 2021, Perez filed an application for reimbursement for his injuries with the Countermeasure Injury Compensation Program. As of the filing of the Amended Complaint, Perez's application received no response. (Compl. ¶ 16.)

## PROCEDURAL HISTORY

Perez filed his initial complaint on May 31, 2022. (Dkt. 2.) On July 26, 2021, the case was referred to a federal Magistrate Judge for general pre-trial management.[1]

(Dkt. 16). AstraZeneca filed a motion to dismiss on August 11, 2021. (Dkts. 19, 20.) On August 12, 2021, Judge Nathan granted Plaintiff leave to file an amended complaint per *Federal Rule Of Civil Procedure 15(a)(1)(B)*. (Dkt. 25.) Plaintiff's deadline to file the amended complaint was extended on August 16, 2021. (Dkt. 27.) On August 30, 2021, Oxford filed a motion to dismiss, joining, incorporating, and adopting AstraZeneca's motion. (Dkt. 30.)

Following an additional extension, **[*5]** Plaintiff filed the operative Amended Complaint on October 4, 2021. (Dkt. 34.) On October 15, 2021, Defendants AstraZeneca and Oxford filed a joint letter expressing their intent to rely on their previously filed motions to dismiss as their responses to the Amended Complaint. (Dkt. 36.) On November 2, 2021, the previous order of reference was amended to include issuing a Report and Recommendation on the motions to dismiss. (Dkt. 37.) Perez filed an opposition to AstraZeneca's motion on November 23, 2021. (Dkts. 48, 50, 51.[2] ) On December 15, 2021, AstraZeneca filed its reply (Dkt. 53), and Oxford filed a letter joining, relying on, and incorporating AstraZeneca's reply brief. (Dkt. 54.)

On December 27, 2021, Perez filed a motion challenging the constitutionality of the PREP Act. (Dkt. 56.) On January 6, 2022, the Court held that Plaintiff's motion would be considered additional briefing in opposition to the motions to dismiss filed by AstraZeneca and Oxford and set a briefing schedule for reply briefs. (Dkt. 57.) AstraZeneca filed a response on January 10, 2022. (Dkt. 60.) Oxford joined AstraZeneca's response. (Dkt. 61.)

On January 24, 2022, the Federal Defendants filed a motion to dismiss, **[*6]** which included a response in opposition to Perez's supplemental briefing. (Dkt. 63.) Perez filed a response to the Federal Defendants' motion to dismiss on February 7, 2022. (Dkt. 69.)

On February 25, 2022, the Federal Defendants informed the Court that they would rest on their opening papers in support of their motion to dismiss and did not file a reply brief. (Dkt. 74.) The three motions are now ripe for resolution.

## LEGAL STANDARDS

---

[1] The case was initially designated for referral to Magistrate Judge Sarah L. Cave. On August 19, 2021, the action was redesignated to me. On April 10, 2022, the case was reassigned from Judge Nathan to Judge Caproni.

[2] Perez filed an opposition at Dkt. 48 and two letters to the Court in support of his opposition at Dkts. 50 and 51.

Defendants move to dismiss based on *Federal Rule Of Civil Procedure ("Rule") 12(b)(1)* for lack of subject matter jurisdiction. Additionally, AstraZeneca and Oxford move for dismissal pursuant to *Rule 12(b)(6)* for failure to state a claim.

## A. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Under *Rule 12(b)(1)*, a pleading may be dismissed for lack of subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*. A court must dismiss a claim if it "lacks the statutory or constitutional power to adjudicate it." *Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)* (internal quotation marks omitted), *aff'd, 561 U.S. 247, 130*

S. Ct. 2869 (2010). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transportation System, Inc., 426 F.3d 635, 638 (2d Cir. 2005)*. In deciding a *Rule 12(b)(1)* motion to dismiss, the Court "'must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'" *Morrison, 547 F.3d at 170* (quoting *Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)* (internal quotation omitted)). **[*7]** Additionally, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue ...." *J.S. ex rel. N.S. v. Attica Central Schools, 386 F.3d 107, 110 (2d Cir. 2004)*; *see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)* ("In resolving a motion to dismiss for lack of subject matter jurisdiction under *Rule 12(b)(1)*, a district court ... may refer to evidence outside the pleadings").

## B. Motion To Dismiss For Failure To State A Claim

Under *Rule 12(b)(6)*, a pleading may be dismissed for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6)*. To survive a *Rule 12(b)(6)* motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)*. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)*.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id., 129 S. Ct. at 1949* (quoting *Twombly, 550 U.S. at 557, 127 S. Ct. at 1966*). In considering a motion to dismiss, a district court "accept[s] all factual claims in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Industry Co., 753 F.3d 395, 403 (2d Cir. 2014)*. However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements **[*8]** of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949*. "[R]ather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level ... *i.e.*, enough to make the claim plausible." *Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)* (internal quotation marks and brackets omitted). A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly, 550 U.S. at 558, 127 S. Ct at 1966*.

For the purposes of considering a motion to dismiss pursuant to *Rule 12(b)(6)*, a court generally is confined to the facts alleged in the complaint. *See Cortec Industries v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)*. A court may, however, consider additional materials, including documents attached to the complaint, documents incorporated into the complaint by reference, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp., 706 F.3d 145, 152 (2d Cir. 2013)* (quoting *ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)*). In that regard, if "a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Poindexter v. EMI Record Group Inc., No. 11-CV-559, 2012 U.S. Dist. LEXIS 42174, 2012 WL 1027639, at *2 (S.D.N.Y. March 27, 2012)* (quoting *Barnum v. Millbrook Care Ltd. Partnership, 850 F. Supp. 1227, 1232-33 (S.D.N.Y.1994)*).

## C. Review Of Pro Se Pleadings

"*Pro se* complaints 'must be construed liberally **[*9]** and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank Of America, 723 F.3d 399, 403 (2d Cir. 2013)* (quoting *Triestman v. Federal Bureau Of*

*Prisons, 470 F.3d 471, 474 (2d Cir. 2006)*). "[T]he Second Circuit, as a general matter, is solicitous of *pro se* litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice." *Massie v. Metropolitan Museum Of Art, 651 F. Supp.2d 88, 93 (S.D.N.Y. 2009)*; *see also Weixel v. Board. Of Education, 287 F.3d 138, 141 (2d Cir. 2002)* (reversing dismissal where district court failed to construe pro se plaintiff's complaint liberally); *Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989)* ("Once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel.").

That said, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman,, 470 F.3d at 477* (internal quotation marks omitted). "Notwithstanding the liberal pleading standards afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction." *Torres v. Blackstone Group, No. 18-CV-6434, 2019 WL 4194496, at *2 (S.D.N.Y. Sept. 3, 2019)*, *aff'd, 836 F. App'x 49 (2d Cir. 2020)*.

**D. The PREP Act**

The PREP Act, enacted in 2005, authorizes the U.S. Secretary of Health and Human Services ("HHS Secretary") to provide immunity from liability to certain individuals and entities during a public health emergency. The PREP Act provides that:

> a covered **[*10]** person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure.

*42 U.S.C. § 247d-6d(a)(1)*. Under the PREP Act, a "covered person" includes, the United States, manufacturers, distributors, and program planners of covered countermeasures (and their officials, agents, and employees), and qualified people who prescribe, administer, or dispense a countermeasure. *Id. § 247d-6d(i)(2)*. A "countermeasure" means "a qualified pandemic or epidemic product," "a drug ..., biological product ..., or device ... that is authorized for emergency

use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act," or "a respiratory protective device ... that the Secretary determines to be a priority for use during a public health emergency ...." *Id. § 247d-6d(i)(1)*. The definition of a "qualified pandemic or epidemic product" includes "a drug ..., biological product ..., or device ... that is "a product manufactured, used, designed, developed, modified, licensed or procured (I) to diagnose, mitigate, **[*11]** prevent, treat, or cure a pandemic, or epidemic; or (II) to limit the harm such pandemic or epidemic might otherwise cause." *Id. § 247d-6d(i)(7)(A)(i)*.

The immunity provided by the PREP Act "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure." *Id. § 247d-6d(2)(B)*. The sole exception to the immunity provided by the PREP Act is for "death or serious physical injury proximately caused by willful misconduct ...." *Id. § 247d-6d(d)(1)*. Willful misconduct is defined as "an act or omission that is taken (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." *Id. § 247d-6d(c)(1)(A)*.

On March 17, 2020, the HHS Secretary issued a declaration identifying "any antiviral, any other drug, any biologic, any diagnostic, **[*12]** any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19" as a covered countermeasure under the PREP Act. *85 Fed. Reg. 15,198*-01, at 15,202 (March 17, 2020).

**DISCUSSION**

All three Defendants advance the same argument for dismissal — lack of subject matter jurisdiction. In addition, AstraZeneca and Oxford argue that if the Court finds that it does have subject matter jurisdiction, Perez's claims should be dismissed for failure to state a claim under the PREP Act. The Defendants are correct; the Court does not have jurisdiction over the claims asserted because PREP Act claims may be filed only in

2022 U.S. Dist. LEXIS 84504, *12

the District of Columbia. Lacking subject matter jurisdiction, the Court does not address the substantive issue of whether the Amended Complaint fails to state a claim.

## A. The Court Does Not Have Jurisdiction Over Claims Brought Pursuant To

### The PREP Act

Perez seeks relief for injuries allegedly caused by the administration of the AstraZeneca vaccine as part of the study he enrolled in with the VA NYHHS. Perez argues that a blood clot he sustained during knee surgery was the direct result of the AstraZeneca vaccine and that Defendants engaged in willful misconduct by not informing **[*13]** him of the risk of blood clots associated with the vaccine, lying to Perez about whether he received the vaccine or a placebo as part of the study, and doctoring results of the study to receive approval of the vaccine for use in the U.S.

The Amended Complaint makes clear that Perez intends to bring claims against the Defendants under the Prep Act. (*See* Compl. ¶¶ 1 (alleging that the AstraZeneca vaccine is not a covered countermeasure under the PREP Act), 3 (arguing that the administrators of the AstraZeneca vaccine study engaged in "willful misconduct"), 5 (noting that the action was brought pursuant to the PREP Act), 29-41 (identifying alleged "intentional violations of the PREP Act").) The PREP Act, however, provides exclusive jurisdiction for such claims to the District Court for the District of Columbia. *See 42 U.S.C. § 247d-6d(e)(1)* ("Any action under subsection (d) shall be filed and maintained only in the United States District Court for the District of Columbia."); *see also Shapnik v. Hebrew Home For Aged At Riverdale, 535 F.Supp.3d 301, 316 (S.D.N.Y. 2021)* (referencing *42 U.S.C. § 247d-6d(e)(1)* and stating that "[i]t is best understood to create a rule that the federal cause of action created by the PREP Act can be brought only in federal court and only in the United States District Court for the District of Columbia"); **[*14]** *Dupervil v. Alliance Health Operations, LCC, 516 F. Supp. 3d 238, 251 (E.D.N.Y. 2021)* (noting that PREP Act claims "may be brought exclusively in the United States District Court for the District of Columbia").

"A case is properly dismissed for lack of subject matter jurisdiction under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate

it." *Lyons v. Litton Loan Servicing LP, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016)* (quoting *Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)*). Here, the PREP Act provides exclusive jurisdiction for claims arising under the act to the District Court for the District of Columbia. Therefore, the Court lacks subject matter jurisdiction over Perez's claims and must grant Defendants' motion to dismiss. Courts routinely dismiss actions for lack of subject matter jurisdiction where a statute denies the court the authority to adjudicate the matter. *See Kehler v. Hood*, No. 11-CV-1416, 2012 WL 1945952, at *4 (E.D. Mo. May 30, 2012) (dismissing PREP Act claims H1N1 vaccine administrators and manufacturers for lack of subject matter jurisdiction); *Tandon v. Captain's Cove Marina Of Bridgeport, Inc., 752 F.3d 239, 253 (2d Cir. 2014)* (affirming district court's dismissal of the action for lack of subject matter jurisdiction where the conflict at issue was "outside the admiralty and maritime jurisdiction extended by *28 U.S.C. § 1333(1)*"); *Melgar v. Wolf*, No. 20-CV-369, 2022 WL 713664, at *4 (E.D.N.Y. March 9, 2022) (court lacked subject matter jurisdiction to review final order of removal under the Immigration and Nationality Act, which conferred exclusive jurisdiction upon the United States Courts **[*15]** of Appeals).

The language of the PREP Act is clear — if Perez wishes to bring claims against the Defendants under the PREP Act, he must do so by filing an action in the U.S. District Court for the District of Columbia. Accordingly, Perez's claims should be dismissed without prejudice to file a lawsuit in the proper jurisdiction. *See Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 54-55 (2d Cir. 2016)* ("where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice. Such a dismissal is one for lack of subject matter jurisdiction, and without jurisdiction, the district court lacks the power to adjudicate the merits of the case") (internal citations omitted); *Hernandez v. Conriv Realty Associates., 182 F.3d 121, 123 (2d Cir. 1999)* ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.")

## B. The Court Will Not Address The Merits Of Perez's Claims

Having found that it lacks subject matter jurisdiction to hear Perez's claims, the Court declines to rule on AstraZeneca and Oxford's arguments regarding Perez's failure to abide by the specific pleading requirements of

the PREP Act. Additionally, the Court need not address Perez's arguments regarding the constitutionality of the PREP Act. *See Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422, 430-31, 127 S. Ct. 1184, 1191, 167 L. Ed. 2d 15 (2007)* ("a federal **[*16]** court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)"); *Al Naham v. U.S. Department Of State, No. 14-CV-9974, 2015 WL 3457448, at *2 n.6 (S.D.N.Y. June 1, 2015)* ("a court presented with motions to dismiss under *Rules 12(b)(1)* and *12(b)(6)* must resolve the former first"); *McKevitt v. Mueller, 689 F. Supp. 2d 661, 669 (S.D.N.Y. 2010)* (finding absence of subject matter jurisdiction and therefore declining to address *12(b)(6)* arguments).

## CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Defendants' motions to dismiss Perez's claims without prejudice.

## DEADLINE FOR OBJECTIONS AND APPEAL

Pursuant to *28 U.S.C. § 636(b)(1)* and *Rules 72*, *6(a)*, and *6(d) of the Federal Rules Of Civil Procedure*, the parties have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the Chambers of the Honorable Valerie E. Caproni, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, New York, New York 1007. **FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN WAIVER OF OBJECTIONS AND PRECLUDE APPELLATE REVIEW**.

RESPECTFULLY SUBMITTED,

/s/ Robert W. Lehrburger

ROBERT W. LEHRBURGER

UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2022

New **[*17]** York, New York