# EXHIBIT B

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>ERIC ANDREW PEREZ,<br><br>         Plaintiff,<br><br>   -against-<br><br>OXFORD UNIVERSITY *et al.*,<br>         Defendants.<br>-------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __5/10/22__<br><br>21-CV-4844 (VEC) (RWL)<br><br>ORDER ADOPTING<br>REPORT AND<br>RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Eric Andrew Perez filed this lawsuit against Oxford University; AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and AstraZeneca AB (collectively, "AstraZeneca"); and Drs. Melanie Jay, Mark J. Mulligan, and Martina A. Parauda (collectively "Federal Defendants") for health issues he alleges were caused by the AstraZeneca COVID-19 vaccine. *See generally* Compl., Dkt. 2.[1] On July 26, 2021, Judge Nathan referred this action to Magistrate Judge Cave for general pre-trial management, *see* Dkt. 16, and later, after the referral was reassigned to Judge Lehrburger, amended the referral to include dispositive motions, *see* Dkt. 37. On April 10, 2022, this case was reassigned to the Undersigned; the next day, on April 11, 2022, Judge Lehrburger issued a Report and Recommendation ("R&R") recommending that, in response to three separate motions to dismiss the case for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),[2]

---

[1]  Plaintiff later filed an Amended Complaint, which is the operative Complaint for purposes of the pending motions, Judge Lehrburger's R&R, and this order adopting the R&R. *See generally* Am. Compl., Dkt. 34.

[2]  AstraZeneca moved to dismiss Plaintiff's Complaint on August 11, 2021. *See* Not. of Mot., Dkt. 19. On August 30, 2021, Oxford University also moved to dismiss Plaintiff's Complaint, joining, incorporating, and adopting AstraZeneca's motion. *See* Not. of Mot., Dkt. 30. After Plaintiff filed his Amended Complaint, AstraZeneca and Oxford filed a letter indicating they would rely on their previous motions to dismiss in response to

1

the case be dismissed for lack of subject-matter jurisdiction, but without prejudice to Plaintiff refiling in the proper jurisdiction. R&R, Dkt. 82 at 1, 13.[3] For the following reasons, the Court ADOPTS the R&R with no modifications, and the case is dismissed.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To warrant *de novo* review, however, the objections must be "specific and . . . address only those portions of the proposed findings to which the party objects." *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). If a party's objections "are conclusory or general, or simply reiterate original arguments," or the party does not object to certain dispositions, the court reviews for clear error. *Id.*; *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citation omitted).

Judge Lehrburger recommended dismissal of Plaintiff's Amended Complaint because Plaintiff has filed this lawsuit pursuant to the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d *et seq.*, and the Court does not have subject-matter jurisdiction over claims arising under that Act. R&R at 10–12. The PREP Act provides

---

the Amended Complaint. *See* Letter, Dkt. 36. On January 24, 2022, the Federal Defendants jointly filed a motion to dismiss the Amended Complaint. *See* Not. of Mot., Dkt. 63.

[3]  Also pending is Plaintiff's motion challenging the constitutionality of the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d *et seq. See* Dkt. 56. For the reasons discussed *infra* at 4 — namely that, lacking subject-matter jurisdiction over this case, the Court cannot adjudicate the merits of Plaintiff's claims — Judge Lehrburger's R&R and the Court's order adopting it do not address the issues raised in that motion.

exclusive jurisdiction for claims brought under it to the U.S. District Court for the District of Columbia. 42 U.S.C. § 247d-6d(e)(1).

Plaintiff has objected to Judge Lehrburger's R&R on several grounds. *See generally* Pl. Obj., Dkt. 84; Letter, Dkt. 88. Although it is somewhat difficult to discern the contours of Plaintiff's objections, he objects, broadly, on the basis that Defendants have conspired to defraud the United States, including in ways that affect how this case has proceeded, Pl. Obj. at 1–5; that Judge Lehrburger based his recommendation solely on the four corners of the Amended Complaint, *id.* at 5; that Federal Defendants' motion is time-barred, *id.* at 23–26; and that he did not actually allege any claims under the PREP Act in his Amended Complaint, *id.* at 11.

Even construing Plaintiff's objections liberally, *see Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009), all of Plaintiff's objections are either conclusory; reiterate prior arguments; or raise arguments for the first time that he failed to raise in his opposition to the three motions to dismiss, and therefore do not merit *de novo* review, *Pineda*, 831 F. Supp. 2d at 671. Nonetheless, the Court addresses briefly two of Plaintiff's objections to provide Plaintiff with clarity. The first is Plaintiff's objection to the fact that Judge Lehrburger based his recommendation on his assessment of the Amended Complaint. Pl. Obj. at 5. That objection is unfounded, as a court is generally confined to the pleadings when evaluating a motion to dismiss, as Judge Lehrburger noted. R&R at 7 (citing *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). The second is Plaintiff's argument that he has not alleged any claims under the PREP Act. Pl. Obj. at 11. Plaintiff clearly asserts claims under the PREP Act in his Amended Complaint. Am. Compl. ¶¶ 5, 30–40 (stating "[t]his is an action b[r]ought pursuant to . . . [the] PREP Act" and asserting "intentional violations of the PREP Act" as a claim). That objection is, therefore, also unfounded.

3

Reviewing the R&R for clear error, *see Adams*, 855 F. Supp. 2d at 206, the Court finds no clear error in Judge Lehrburger's recommendation. Judge Lehrburger is correct that actions brought pursuant to the PREP Act must be brought in the District Court for the District of Columbia. R&R at 10–11 (citing 42 U.S.C. § 247d-6d(e)(1)). Lacking subject-matter jurisdiction over this action, pursuant to Rule 12(b)(1), this Court cannot adjudicate the case. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). Because the Court lacks subject-matter jurisdiction over this action, Judge Lehrburger was also correct not to evaluate Plaintiff's other claims. R&R at 12–13.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Lehrburger's R&R in full. Plaintiff's Amended Complaint is dismissed without prejudice to him re-filing it in the proper jurisdiction. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully directed to terminate all open motions and close the case.

**SO ORDERED.**

Date: May 10, 2022  
New York, NY

_____  
**VALERIE CAPRONI**  
**United States District Judge**

4